. Mr Chief Justice ■ Makshall
 

 delivered, the opinion of the Court.
 

 This was an. action brought in the court of the United States, for the seventh circuit and district of Kentucky, against the defendants, owners, &c.
 

 There being no special contract between the parties in this case, the. principal, question arises on the opinion expressed by the court, “ that the doctrine of common carriers does not apply to the case of carrying intelligent beings, such as negroes.”
 

 . That doctriné is, that the carrier is responsible for every loss which is not produced by inevitable accident. It has been pressed beyond the general principles which govern the law of bailment, by considerations of policy. Can a :sound distinction be taken between a human being in whose person another has an interest, and inanimate property?
 

 A slave has volition, and has feelings which cannot be entirely disregarded. These properties cannot be overlooked in conveying. him from place to place- He eanpot be stowed away as a common package. Not oniy does hu
 
 *155
 
 manity forbid this ^proceeding, but it might endanger his. life or health. ' Consequently this rigorous mode of proceeding annot safely be adopted, únless stipulated for by special contract. Being left at liberty, he. may escape. The carrier has not, and cannot have, the sanie absolute control over him, that he has over inanimate matter. In the nature of things, and in his character, he resembles, a passenger, not a package of goods. ltVould seem reasonable, therefore, that the responsibility of the carrier should be measured by the law which is applicable'to passengers, rather than by that which is applicable to the carriage of commori goods.
 

 There are no slaves in England, but there are persons in whose service another, has a temporary interest. We believe that the responsibility of a carrier, for injury which such person may sustain, has never been placed on the. same' principle with his responsibility for a bale of goods. He is undoubtedly answerable for any injury sustained in consequence of his negligence or want of skill; but we have never understood that he is responsible farther.
 

 The law applicable to common carriers is one of great rigour. Though to the extent to which it has been carried, and in the cases' to which it has been applied, we admit its necessity and its policy, we do not think it ought to be carried farther, or applied to new cases. We think it has not been applied to living men, and that it ought not to be applied to them.
 

 The directions given by the court to the jury informed them, that the defendants were responsible for negligence or unskilful conduct, but not otherwise;
 

 Sir William Jones, in his Treatise on Bailments, p. 14, says,
 

 “ When the contract is reciprocally beneficial to both parties, the obligation hangs in an even balance; and there can be no reason to recede from the standard: nothing more, therefore, ought in that case to be required than ordinary diligence, and the bailee should be responsible for no more than ordinary neglect.” In another place (p. 144) the same author says, “ A carrier for hire ought, by the rule, to be responsible only for ordinary neglect; and in the time of Henry
 
 *156
 
 .VIII., it appears to have been generally holden, that a common carrier was- chargeable in case of a loss by robbery, only' when he had travelled by ways dangerous for robbing, or driven by night, or at'any inconvenient hour.”
 

 This rule, as relates to the- conveyance of goods,, was changed as commerce advanced, from motives of policy. But if the court is right in supposing, that, the strict rule introduced for general commercial objects, does not apply to the conveyance of slaves, the ancient rule “ that the carrier is liable only for ordinary neglect,”.still applies to them.
 

 If the slaves were taken on board the yawl to be conveyed in the steam boat, solely in consequence of tHeir distress, and from motives of humanity alone, no reward,' hire or frergnt being to be paid for their passage, as the first prayer of the plaintiff and the prayer of the defendant suppose, the carrier would certainly be responsible only in a case of gross neglect; and the qualification annexed to this construction was correct.
 

 We think that in the case stated for the instruction of the circuit court, the defendants were responsible for the injury' sustained, only in the event of its being caused by the negligence, or the unskilfulness of the defendants or their agents, and that there is no error in the opinion given.
 

 This cause came on to be heard on a transcript of the record from the circuit court of the United States for the district of Kentucky,, and was argued by counsel; on consideration whereof, it is considered, ordered and adjudged by this Court, that the judgment of the said circuit court in this.cause be, and the same is hereby affirmed with costs.