CRABTREE'S ADMINISTRATORS *vs.* CRABTREE.

The court of probate of one county has no jurisdiction to assign dower in lands in another county.

If, an appeal from the probate court, in a case of petition for assignment of dower, the circuit court, after reversing the judgement of the probate court, *remands* the case, instead of proceeding to give such final judgment as the court of probate should have given, there is no final judgment to which a writ of error will lie.

THIS was an appeal from the probate court of Lafayette county, determined in the Lafayette circuit court, in September, 1842, before the Hon. WM. CONWAY B., one of the circuit judges. Mary Crabtree, widow of James Crabtree, filed in the probate court her petition to have dower assigned her in certain lands and slaves in Lafayette county, and lands in Hempstead county. The probate court ap-

pointed commissioners, who undertook to assign dower, by allotting the lands in Hempstead, and some of the slaves. She excepted to the report, but it was confirmed, and she then excepted to the decision. The bill of exceptions shows, by positive statement of evidence adduced, that the part allotted to her was far below one-third, in value. She appealed to the circuit court, which reversed and annulled the judgment of the probate court, and ordered the probate court to proceed in the premises according to law. The administrator brought the case here on error. The defendant in error moved to dismiss for want of jurisdiction.

The case was argued here by *Trimble,* for plaintiff in error, and *Pike & Baldwin,* contra.

*By the court,* LACY J. This case falls expressly within the principle established in the case of *Hill's Administrators vs. Mitchell,* decided at the present term. The circuit court did right in reversing the decree of the court of probate of Lafayette county, because that court has no jurisdiction of the assignment of dower in lands situate in Hempstead county. Upon an appeal from the probate to the circuit court, which is expressly given by the administration laws for allowance to the widow, it is the duty of the circuit court to hear and determine the cause *de novo,* and to render such judgment as the court of probate ought to have given, and to cause its decisions to be certified to to the probate court and to be recorded as its own judgment. The evidence on the trial of this case in the probate court clearly shows that the widow was not allowed one equal third proportion of the lands and slaves of the deceased husband. The circuit court, upon appeal having the whole case before it should have proceeded to adjudicate the matter, and if not satisfied with the evidence contained in the bill of exceptions should have heard other testimony establishing the truth of the case, and have decided it agreeably to right and justice, decreeing the widow dower in the estate. This the court did not do; but upon the reversal of the judgment of the probate court, remands the cause and adjudged "that the probate court proceed in the premises according to law." According to the principles adjudged by this court in

the cases of *Reagan et al. vs. Mitchell et al.*, and *Cross & Dillard vs. Bains*, there is no final judgment in this cause in the circuit court, to which a writ of error will lie. The writ of error thereupon in this case is ordered to be dismissed.