## JOANNA W. EDWARDS *versus* NATHANIEL LORD.

Common carriers of passengers are bound to use greater than ordinary care —
such care as is used by very cautious persons; and if a passenger receives
an injury, which any reasonable skill and care on their part could have pre-
vented, they are liable therefor.

ON EXCEPTIONS to the rulings of DAVIS, J., and on mo-
tion to set aside the verdict, as against the weight of evi-
dence.

CASE to recover damages for an injury to the plaintiff by
the upsetting of a stage wagon, in which she was a passen-
ger, and of which the defendant was alleged to be the
owner.

As no question of law was raised upon the motion, a re-
port of the evidence, which was very voluminous, is omit-
ted.

The defendant contended *inter alia,* that there was no
such want of care on the part of his driver, as to render
him liable.

Upon this point the defendant requested the presiding
Judge to instruct the jury, "that the plaintiff, to entitle her
to recover, must satisfy the jury beyond a reasonable doubt,
that the injury, for which she seeks compensation, occurred
without fault on her part, and through the neglect or want
of ordinary care and prudence on the part of the defendant,
or his servants."

But the Judge instructed the jury, "that if the defendant
was at that time a common carrier of goods and passengers,
for hire, and the plaintiff was, at the time of the accident,
in his care as a passenger, on her passage to Gray, and his
son was his servant employed by him to drive the horse, he
was bound to use greater than ordinary care — such care as
is used by very cautious persons; and if any reasonable
skill and care on his part could have prevented the accident,
the defendant was liable."

The verdict being for the plaintiff, the defendant excepted.

*John J. Perry*, for defendant, in support of the exceptions.

The instruction on the *degree of care* necessary was erroneous.

The carrier of passengers is held liable only on the ground of *negligence.* Redfield on Railways, 323 ; 2 Greenl. Ev., § 222.

"*Negligence*" is the habitual omission of that which ought to be done ; or the habit of omitting to do things, either from carelessness or design.

There is a conflict of authorities in regard to the rule in cases of this kind. The more reliable authorities are, that ordinary care only is required. *Boyce* v. *Anderson*, 2 Pet., 150 ; Redfield on Railways, 325, note ; *Keith* v. *Pinkham*, 43 Maine, 501.

The case last cited is conclusive, and settles the case at bar.

*H. P. Deane*, for plaintiff, argued that the instruction complained of was correct, and cited *Ingalls* v. *Bills & al.*, 9 Met., 1 ; *Caldwell* v. *Murphy*, 1 Duer, 241 ; 2 Greenl. Ev., § 221 ; Redfield on Railways, 323, 324.

In *Keith* v. *Pinkham*, 43 Maine, 501, the question was not raised.

Public policy requires that carriers of passengers should be held to exercise the strictest care.

The opinion of the Court was drawn up by

APPLETON, J. — Common carriers have been held liable for all damage and loss to goods during the carriage, from whatever cause, unless from the act of God or from the public enemy. But carriers of passengers have not been held to the extreme of liability, which has been enforced against carriers of goods.

The law is thus laid down in 2 Kent, (602) 812 : — "He (the carrier of passengers by any mode of conveyance) is bound to give all reasonable facilities for the reception and

comfort of passengers, and to use all precautions, as far as human care and foresight will go, for their safety on the road. He is answerable for *the smallest negligence* in himself and his servants." The care to be used must be proportioned to the loss or injury arising, or likely to arise, from negligence. In *Philadelphia and Reading Railroad Co.* v. *Derby*, 14 Howard, 486, the Court say,—"When carriers undertake to convey persons by the powerful but dangerous agency of steam, public policy and safety require that they should be held to the *greatest care and diligence*. And, whether the consideration for such transportation be pecuniary or otherwise, the personal safety of passengers should not be left to the sport of chance or the negligence of careless agents. Any negligence, in such cases, may well deserve the epithet gross." These views were reaffirmed in *Steamboat New World* v. *King*, 16 Howard, 469, in a very able opinion of Mr. Justice CURTIS. In *Caldwell* v. *Murphy*, 1 Duer, 241, the Court say,—"The charge of the Judge, that the law exacted from a carrier of passengers extraordinary care and diligence, and that they are liable, unless the injury arises from force or a pure accident, was entirely correct." The instruction given was in words in which the general result of the authorities is summed up. 2 Greenl., § 221.

It is true, *Boyce* v. *Anderson*, 2 Pet., 150, lays down the rule to be that of ordinary care, the care which all bailors for hire owe their employers, but a more stringent rule was adopted in *Stokes* v. *Salstonstall*, 13 Pet., 192. The remark of the Court in *Pinkham* v. *Keith*, 43 Maine, 501, though in conformity with law, as laid down by MARSHALL, C. J., in *Boyce* v. *Anderson*, 2 Pet., 150, does not state with suffificient rigor the obligations which the law imposes upon the carriers of passengers. Indeed, the law in relation to the relative duties and obligations of the common carrier and the passenger to be carried, did not arise in *Pinkham* v. *Keith*, and was not involved in the decision of the cause.

The instructions given do not appear to be at variance with the law as it seems now to be established.

The fact, whether or not the defendant was a common carrier, was submitted to the jury, with instructions of which defendant does not complain. There is no such gross error or mistake in their verdict as will justify our interposition.

*Exceptions and motion overruled.*

TENNEY, C. J., RICE, GOODENOW and DAVIS, JJ., concurred.