Opinion by
White, P. J.
§ 704. Bes gestee; what constitutes; case stated. Appellee recovered a judgment against appellant for the sum of $900 damages for personal injuries. He was traveling in the caboose on the freight train of appellant, when, at a switch or spur connected with the main line of road, some cars loaded with sand were, by the employees of appellant, caused to run upon and strike the caboose with great violence, whereby appellee was injured, having his ankle sprained, etc. The first error assigned is that the court erred in permitting evidence that one Templeton, a passenger with appellee, had also been injured by the effect of the collision. The point is not well taken. The rule seems to be well settled that the declarations of any persons present, made in the heat of" the emergency, and forming part of the incident and illustrating the nature, cause or extent of the wrong, may be proved as part of the res gestee. [Abbott’s Tr. Ev. p. 589, § 19.] Evidence of the acts and declarations of other persons in the same peril are competent as part of the res gestee, and also as evidence of what was deemed prudent by those thus exposed. [Abbott’s Tr. Ev. p. 597, § 87.] Mr. Wharton says: “What has been said as to the admissibility of independent acts as a basis from which good faith may be inferred, applies with peculiar force to the admission of such facts when there is a contest as to whether prudence or diligence was exercised by a particular person, at a particular time. For instance, on a question as to whether an engineer, in the management of a train at a collision, acted prudently, there is no doubt that it would be admissible to prove the cries of by-standers, without producing such by-standers. ” [1 Whart. Ev. (2d ed.) § 36.] In his work on Carriers of *617 Passengers, the rule is stated, by Mr. Thompson thus: “ In an action for damages for injuries received in a railway collision, where there is a question as to the negligence of the plaintiff, evidence may be given of the conduct and exclamations of other passengers, in order to show how the circumstances of danger impressed every one, and to vindicate the plaintiff from the charge of rash conduct and imprudence from undue alarm. Such general conduct, given with the exclamations involuntarily made by the passengers, in consequence of the appearances of imminent peril, may be regarded as a part of the res gestee for this purpose.” [p. 557.] If the conduct and exclamations of other passengers are admissible as part of the res gestee, a fortiori the fact that they received injuries at the same time, by the same act or omission, is admissible to show the nature and extent of the injury done, and the character of the occurrence.
§ 705. Expert testimony; rules governing admission of. Appellant objected to the testimony of Dr. Hollenbeck, who testified as an expert in regard to the injuries received by appellee. The objection was upon the ground that such testimony must be based either upon personal examination, facts proved before the jury, or a hypothetical statement. The objection was overruled, and the witness testified as follows: “I am acquainted with plaintiff; saw him soon after he was injured; have seen him frequently since. He was suffering from a strain of the tarso metatarsal ligament of the left foot, and from a pain in his right side that arose from an internal injury. The injuries were of quite a serious character. His foot and ankle were very much inflamed for about two weeks, causing great suffering, rendering him helpless. His side also gave him much pain, and from neither of said injuries has he yet fully recovered, and in my judgment the injury to his foot is a permanent one.” It was shown by other evidence that the witness had personally examined and treated plaintiff for the injuries, though this did not appear from the testimony of the *618 witness himself, which was by deposition. Held:. The evidence was admissible under the rules governing expert testimony, which are as follows: “An expert may testify to his opinion as to the condition of the person, the nature, cause, curableness, probable continuance, and probable result of the injury, and the mode and effect of medical treatment. If the witness speaks from personal examination, his opinion must be derived from his examination, and he shall state the facts upon which he bases his opinion. He may state as a part of the facts on which his opinion is founded, statements which the sufferer made of his own condition to the witness for the purpose of receiving his professional advice; but narratives of past facts are not thus admissible, unless made in such close connection with the facts as to form part of the res gestee.” [Abbott’s Tr. Ev. p. 600, § 46.]
§ 706. Carriers of passengers; degree of eare required of; charge of court as to; erroneous charge not cause for reversal, when. The court instructed the jury: “1. If you find that such injury might have been prevented by defendant’s agents, then you should find for the plaintiff. 2. A railroad company transporting passengers is required to use the utmost care, skill and circumspection in the management of its cars to secure the safety of its passengers.” These charges are assigned.as error. Held: Inasmuch as the entire charge of the court is not in the record, we could not hold that, if these instructions were erroneous, they would warrant us in reversing the judgment; the rule being that the charge of the court is to be construed as a whole, and we could not know but that these detached portions of it, if erroneous, had been corrected by the other portions of the charge given the jury. [W. & W. Con. Rep. .§ 1017; ante, § 472.] But if we were held to pass upon the correctness of these charges, we could not hold that they are erroneous, under the doctrine laid down in many cases, which hold that railroad companies as carriers of passengers are bound to exercise the utmost Miman care and foresight, and are *619 responsible for injuries and losses arising from even the slightest negligence. [Brown v. R. R. Co. 18 N. Y. 408; Maverick v. R. R. Co. 36 N. Y. 378; Hall v. Steamboat Co. 13 Conn. 319; Edwards v. Lord, 49 Me. 279; Johnson v. R. R. Co. 11 Minn. 296; Meier v. R. R. Co. 64 Penn. St. 225; Wheaton v. R. R. Co. 36 Cal. 590; Carroll v. R. R. Co. 65 Barb. 32; S. C. affirmed, 58 N. Y. 126.] And especially when carriers undertake to convey passengers by the powerful and dangerous agency of steam, as on railways and by steamboats, public policy and safety require that they be held to the greatest possible care and diligence. [R. R. Co. v. Derby, 14 How. (U. S.) 486; Steamboat v. King, 16 id. 469; Sherlock v. Alling, 44 Ind. 184; Caldwell v. Steamboat Co. 47 N. Y. 282; 2 Wait’s Act. & Def. 64.]
May 6, 1885.
Affirmed.