## HILLIARD, EXPARTE, AND HILLIARD V. HILLIARD.

1. DOWER. *Jurisdiction to assign.*

Section 2606 Mansf. *Dig.* is not inconsistent with any provision of the constitution of 1874 and confers on the probate court a limited jurisdiction in the allotment of dower, concurrent with the circuit court in chancery. The jurisdiction of chancery over the subject is more extensive than that possessed by the inferior court; but when an estate is in course of administration and it is desired only to allot dower, without adjusting any question of title or damage, the probate court has the power to act on the petition of the widow.

2. SAME: *Same. Certiorari to quash judgment of probate court.*

The appellant filed a petition in the probate court for the allotment of dower, and while her petition was pending, the defendants thereto also applied to the same court to have her request granted, and on their application the dower was assigned. She then applied to the circuit court by *certiorari* to quash the proceedings of the probate court. *Held:* That whether the power of the probate court to assign dower may be invoked by the widow alone or also by other interested parties, the proceeding in which the judgment in this case was entered, was in effect a continuation of that instituted by the widow, and as the court acquired jurisdiction in the latter, it was not error to refuse to quash its judgment.

3. SAME: *Same. Bill to restrain assignment under judgment of probate court.*

While a petition of the appellant for the assignment of dower, was pending in the probate court, the defendants thereto also applied to the same court to have her request granted, and on their application a judgment for allotting her dower was entered and commissioners were appointed to carry it into effect. She then filed a bill in equity to restrain the execution of the probate court's judgment, alleging that it was *coram non judice* and void, and to obtain an assignment of her dower by the chancery court. *Held:* That the probate court, having jurisdiction of the subject matter, concurrent with the circuit court and having assumed it at the instance of the widow, the chancellor was right in dismissing her bill. State v. Devers, 34 *Ark.* 198, 199.

APPEALS from *Chicot* Circuit Court.
JNO. M. BRADLEY, Judge.

### STATEMENT.

The appellant filed a petition in the probate court of Chicot county for an assignment of dower, and while it was pending, the defendants thereto also made application to the same court to grant her request, and upon their prayer a judgment for such assignment was entered and commissioners to make the same were appointed. The appellant applied to the circuit court to quash the judgment of the probate court on

Hilliard, Exparte, and Hilliard v. Hilliard.

*certiorari* for want of jurisdiction, but her application was refused. She also filed a bill in chancery against the administrator and heirs of her deceased husband, claiming among other things, that the judgment of the probate court was *coram non judice* and void, and asking that its execution be restrained and that her dower be assigned by the chancery court. The chancellor dismissed the bill. Both decisions were appealed from and the appeals were heard as one cause.

*U. M. and G. B. Rose, W. B. Street* and *W. S. McCain,* for appellants.

I. The probate court has no jurisdiction whatever in matters of dower, and

2d. If the probate court has such jurisdiction, the widow only and not the heirs can invoke this jurisdiction.

The ancient jurisdiction of dower was concurrent in the courts of law and of chancery. *Story Eq. Jur. secs.* 624–5; *Scribner on dower,* 106. In Arkansas prior to *Act Feb.* 28, 1838, the chancery court had exclusive jurisdiction in matters of dower. *Steele & McCampbell's Digest, Title "Dower,"* p. 222. The *Act of Feb.* 28, 1838, *Gould's Dig. "Dower,"* sec. 33, conferred jurisdiction in matters of dower upon the probate court, as it had the right to do under the constitution of 1836. 8 *Ark.* 37; *Const.* 1836, *Art.* 6, *sec.* 3.

By the act of 1873, April 16th, probate courts were abolished and their jurisdiction in matters of dower was returned to the circuit court, and there it remained until the adoption of the constitution of 1874. *Gantts Dig. see.* 2242. The constitution of 1874 found the jurisdiction in the circuit court, and provided "the circuit court shall have jurisdiction in all civil and criminal

Hilliard, Exparte, and Hilliard v. Hilliard.

cases the exclusive jurisdiction of which may not be vested in some other court by this constitution. *Art.* 7, *sec.* 11. We look in vain to see if jurisdiction in dower has been vested in "some other court." *Sec.* 34, *art.* 7, does not give it to the probate court. The "estates of deceased persons" does not embrace dower. Dower and administration had no connection under the rules of the common law, and jurisdiction of the two vested in separate courts. The widow's dower is no part of the "estate of the deceased husband," and she does not obtain her rights from the administrator. The majority of suits for dower are not against administrators, and often no administration is required at all. A widow's dower is not affected by an administrator's sale. 33 *Ark.* 306, &c.

The constitution having failed to vest jurisdiction in dower in some other court, it remains where it was in the circuit and chancery courts.

II. There is no statute that gives any person (except the widow) the right to apply to the probate court to assign dower.

III. The widow was entitled to one half of the personalty absolutely, and to one-half the lands for life, and to all the rents of the plantation until dower assigned. *Mansf. Dig.* 2592; 34 *Ark.* 63.

*D. H. Reynolds* and *J. F. Robinson*, for appellee.

1. Probate courts have jurisdiction to assign dower. This court has tacitly recognized it. 8 *Ark.* 9; 28 *Id.* 19; 40 *Id.* 288. It is clearly embraced in the pharse, "The estates of deceased persons." *Act Feb.* 28. 1838 *and const.* 1836. If there be no estate there can be no dower, 5 *Ark.* 611.

Hilliard, Exparte, and Hilliard v. Hilliard.

Reviews the Act of 1873, and the provisions of the constitution of 1874, and contends that the jurisdiction of the probate court since 1874, is exactly the same as it was before the passage of the Act of 1873, except that it is now constitutional instead of statutory. 33 *Ark.* 728–9; *Art.* 7, *Sec.* 34, *Const.* 1874.

2. The probate court having concurrent jurisdiction with the chancery court, and having assumed it and the matter being still pending there, the chancery court properly declined to intefere.

Appellant had no right, not being interested nor concerned, to file a bill to surcharge an administrator's accounts, and as to her claim for rents, her remedy was at law.

*Mark Valentine*, for Johnson Chapman, Master in Chancery.

OPINION.

COCKRILL, C. J.  The probate courts in this State exercised a limited jurisdiction in the allotment of dower from the passage of the act of February 28th, 1838, until those tribunals were abolished in 1873.  *Hill v. Mitchell* 5 *Ark.* 608; *Menefee's admr. v Menefee*, 8 *Id.* 9; *Jones v. Jones*, 28 *Id.* 19; Acts of April 16th and 17th,1873. By the act of April 16th, 1873, all the power and jurisdiction of whatever nature previously exercised by the probate courts were conferred exclusively upon the circuit courts; and by the act of the 17th of April of the same year the office of probate judge was formally abolished. The constitution of 1874 re-established the probate courts and invested them with " such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind as was

then ["is now," is the language of the constitution] vested in the circuit courts or might be thereafter prescribed by law." *Art.* 7, *Sec.* 34. *Section* 23 of the schedule of the constitution directed that the probate courts provided for in that instrument should be regarded as continuations of the circuit courts for the business within the jurisdiction of the probate courts, and that the papers and records pertainig to the latter should be transferred to them. When the constitution was framed it was the prevailing practice in the circuit courts, authorized by the 11th section of the act of April 16th, 1873, to keep a docket for the probate business separate from the law and equity dockets; and the papers and records were entitled "In probate," to distinguish them from the proceedings at law and in equity; and the court for the transaction of all matters formerly cognizable in the probate courts was as easily distinguishable as before the abolition of the separate courts of probate. Under the act, the circuit courts in probate and the circuit courts in equity [where chancery jurisdiction was exercised by the circuit courts] exercised concurrent jurisdiction in the allotment of dower, to the same extent that the probate courts and the circuit courts had previously done. The provisions of the constitution defining and preparing to put into immediate execution the jurisdiction of the probate courts were framed with reference to the powers and practice of the circuit courts in probate under that act. The design, we must infer, was that all pending business properly cognizable on the probate side of the circuit court should be continued without break or interruption in the tribunals newly created to succeed them. A proceeding instituted by the widow on the probate side of the circuit court, if properly

Hilliard, Exparte, and Hilliard v. Hilliard.

cognizable there, would have been transferred with the other business to the new tribunal as the successor to that business; for the right of the widow to apply to the court exercising probate jurisdiction, to allot her dower, had not been abrogated. *Gantt's Dig. Sec.* 2242. The law conferring that right was not in conflict or inconsistent with any provision of the constitution of 1874, and was continued in force by it. *Sec.* 1 of the schedule. It had been previously ruled under a similar provision of the constitution of 1836, that the act conferred a limited jurisdiction in the allotment of dower on the probate courts, concurrent with the circuit courts in chancery. *Menifee v. Menifee, supra.* It would seem to follow that, it was the intention that the ancient practice in this respect should continue. *Baker v. State* 44 *Ark.* 134; *Pulaski County Board of Equalization Cases,* 49 *Ark.* 518.

While the court has never expressly ruled this point, we find that it has impliedly recognized the power of the probate court to assign dower in both personalty and realty since the constitution of 1874, [*Webb v. Smith,* 40 *Ark.* 14; *McWhirter v. Roberts, Id.* 288; *Gibson v. Dowell,* 42 *Id.* 164,] and that its expressions in cases where the question was not directly involved, imply that all the old jurisdiction of the probate court, without restriction or qualification, was restored to it by that instrument. *Reinhardt v. Gartrell,* 33 *Ark.* 727; *Hall v. Brewer,* 40 *Id.* 441. The effect of the change was only to create a separate court of probate and to elevate it from a statutory to a constitutional basis. The original equitable jurisdiction over the subject has never been doubted. Such original jurisdiction as the circuit courts in probate had the exclusive cognizance of, the probate courts alone have succeeded to. *Reinhardt v. Gartrell,*

1. DOWER: Jurisdiction to assign.

*sup ; Turner v. Rogers,* 49 *Ark.* 51, and cases cited. But they had not exclusive jurisdiction in the assignment of dower, but concurrent with the circuit court in chancery; or, as in Pulaski county, with the separate court of chancery.

It will not do to interpret "circuit court" as used in Section 34 of *Article* 7 of the constitution, to include the circuit court in chancery as well as the circuit court in probate, because by Section 15 of the same article, jurisdiction in equity is vested in the circuit courts until the legislature should deem it expedient to establish separate courts of chancery ; and as was said in *Jones v. Graham,* 36 *Ark.* 405, "courts of probate certainly as this court insists, are not courts of chancery with any jurisdiction generally to confer equitable relief." They have not ousted the chancery jurisdiction exercised by the circuit courts under the constitution of 1836. *Hall v. Brewer, sup.; Turner v. Rogers, sup.*

If we should construe Section 34 literally, without reference to the other provisions on jurisdiction, no action could be maintained in the circuit court against an executor or administrator to establish a claim against, or that would in anywise affect the estate of a decedent ; and the suggestion of the death of a defendant would at once abate a suit at law or in equity. By construing the provisions upon jurisdiction together, so as to give effect to all, [*Art.* 7, *secs.* 34, 11 *and* 15,) the jurisdiction of the probate and chancery courts is preserved in the allotment of dower. The latter is the more potent, most general and usually resorted to, but when the estate is in course of administration, as it is in the case before us, and it is desired only to allot dower without adjusting any question of title or damage, the probate court has the power and machinery to act on the

petition of the widow, *Menifee v. Menifee, sup; Mans. Dig. sec.* 2606.

The appeal in the case of *Hilliard, Ex. parte,* is an effort by *certiorari* to quash the proceeding of the probate court assigning the appellant dower, upon the ground that the court had no jurisdiction. But the court was vested with that power. It is argued, however, that the power can be invoked by the widow alone. See *Mans. Dig. sec.* 2606. Be this as it may, the record discloses that a petition was first filed by the widow for the allotment of dower, and while it was pending, the parties defendant to the petition made application afresh to the court to grant the widow's request, and dower was assigned. The second proceeding in the same court between the same parties was in effect a continuation of the first. The judgment of the circuit court refusing to quash the probate judgment is affirmed.

2. SAME:
*Same:*
*Certiorari*
to quash
judgment of
p r o b'a t e
court.

The second appeal arises out of the same matters.

Mrs. Hilliard filed a bill in equity against the administrator and heirs of her deceased husband's estate, seeking to surcharge the accounts of the administrator; to recover a demand for rents of one of the heirs; to restrain the execution of the judgment of the probate court assigning her dower upon the allegation that it was *coram non judice* and void, and for the assignment of dower by the chancery court. After a volume of proof on the question of fraud in the administrator's accounts was taken, the chancellor dismissed the bill and adjudged the costs against Mrs. Hilliard.

3. SAME:
*Same:*
Bill to re-
train assign-
ment under
order of pro-
bate court.

It is now conceded that the widow had no interest in the administrator's accounts, and that the claim for rents set up by her is purely legal and cognizable at law in a proceeding against the party indebted. The only con-

tention is that the court erred in not assigning the widow's dower. No valid objection to the judgment of the probate court was shown. That court having jurisdiction of the subject matter, concurrent with the chancery court, had assumed it at the instance of the widow, had entered a judgment and appointed commissioners to carry it into effect before the chancery jurisdiction was invoked. The chancellor was right in declining to interfere. *State v. Devers*, 34 *Ark.* 198, 19.

Affirm.