## THE NORTH AMERICAN UNION v. HART.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1918.)

### No. 5015.

1. JUDGMENT ⬦683—PERSONS CONCLUDED—PRIVIES IN ESTATE.

Where a fraternal benefit association, pursuant to judgments rendered against it, issued benefit certificates to the plaintiffs in the suits, a succeeding foreign society, which took over its property and assumed its obligations, in a suit by the holders of the certificates to sequester certain of the property transferred to secure performance of the obligations thereby created, cannot contest the validity of the certificates on grounds which existed prior to the judgments, being privy in estate to its assignor and bound by such judgments.

2. INSURANCE ⬦728—MUTUAL BENEFIT INSURANCE—ASSIGNMENT OF CERTIFICATES.

Assignments of certificates of a fraternal beneficiary society by the insured, where the assignee was the husband of one and a brother of the other assignor, and had paid practically all of the dues on such certificates, *held* valid, and not to have terminated the membership of the assignors, in the absence of any contrary provision in the charter or by-laws of the society.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by Wilber Lee Hart against the North American Union. Decree for complainant, and defendant appeals. Affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Otis S. Allen, of Topeka, Kan. (Stephen H. Allen and George S. Allen, both of Topeka, Kan., on the brief), for appellant.

Clay Hamilton, of Topeka, Kan. (Clad Hamilton, of Topeka, Kan., on the brief), for appellee.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. August 12, 1915, the appellee, claiming to be the owner of three certificates of insurance, issued by the Life & Annuity Association, a fraternal beneficiary society of Hiawatha, Kan., January 25, 1913, as of August 2, 1906, to himself, Ada Lee Hart, and Walter B. Hart, respectively, commenced this action against appellant, the Annuity Association, and its president and secretary, for the protection of the certificates. Appellant alone defended. The certificates were identical in form, except as to the beneficiary. In the certificate issued to Ada Lee Hart, the beneficiary was appellee, and in the certificate issued to Walter B. Hart, the beneficiary was his estate. The certificate issued to appellee was in words and figures as follows:

"This certificate, issued by the Life & Annuity Association of Hiawatha, Kansas, in lieu of policy No. 1155, issued by the Pyramid Builders to Wilber Lee Hart on March 2, 1896, witnesseth: That the said Wilber Lee Hart, referred to hereinafter as the insured, a member of Council No. 1 of the said Life & Annuity Association, located at Hiawatha, Kansas, in consideration of the payments hereinbefore made by him, is entitled to designate his beneficiary to participate in the benefit fund of the association in the sum of one thousand dollars, which sum at his death shall be paid to Ada Lee Hart bearing the relation to insured of wife: Provided, that this certificate shall continue to increase at the rate of one hundred dollars per year during the life of said insured until it shall have reached a maximum of two thousand dollars: Provided, further, that if the said insured shall hold said certificate valid and live longer than twenty years from March 2, 1896, he shall be entitled to receive from the beneficiary fund of the association one hundred dollars for each additional year he shall live, not to exceed twenty years, and that in the event of the death of said insured, he having participated in the benefits last hereinbefore provided for, such amounts as have been paid shall be deducted from the face value of this certificate: Provided, further, that this certificate is issued upon the express condition that the said insured shall in every particular, while a member of the association, comply with all the laws, rules, and regulations required thereof, and shall at his death be a member in good standing.

"In witness whereof the Life & Annuity Association has this 25th day of January, 1913, caused this certificate to be signed by its national president, attested by its national secretary, and caused the seal of said association to be affixed, to the same intent, purpose, and effect, and no other, as though the same had been done on the second day of August, 1906.

"[Seal.]          The Life & Annuity Association,

"By John Parker, National Pres.

"Attest: W. F. Shale, National Secretary."

The certificates were issued pursuant to judgments entered by the district court of Brown county, Kan., in three separate actions therein pending, wherein appellee, Ada Lee Hart, and Walter B. Hart were plaintiffs, and the Annuity Association was defendant.

Appellant is a fraternal beneficiary society, organized under the laws of Illinois. On February 13, 1915, appellant and the Annuity Association entered into a contract of reinsurance and consolidation, where-

by appellant took over all the property and assets of the Annuity Association, amounting to about $250,000, and agreed to reinsure the living beneficiary members in good standing of said association, and also insured and assumed the payment of the mortuary benefits of said members as of the date of the contract of reinsurance and consolidation. It is also stipulated in the record that appellee, Ada Lee Hart, his wife, and Walter B. Hart, his brother, were, by virtue of the certificates issued to them, paid-up social members of the Annuity Association. The Annuity Association, after the execution of the contract of reinsurance and consolidation and the transfer of all of its property to appellant, ceased doing business. On July 29, 1915, Ada Lee Hart and Walter B. Hart by written assignments assigned their certificates to appellee, the form of the assignments being as follows:

"Assignment of Policy.

"For value received, I, Walter B. Hart, the insured in policy dated the 25th day of January, 1913, issued by the Life & Annuity Association of Hiawatha, Kansas, in lieu of policy No. 1154 issued by the Pyramid Builders, do hereby assign, transfer, and set over to my brother, Wilber Lee Hart, all my right, title, and interest in and to said policy of insurance hereto attached, both as insured and as beneficiary; it being the true intent of this instrument to vest in the said Wilber Lee Hart all rights, benefits, and privileges of every kind and character which I, or my heirs, executors, administrators, or assigns, may have, enjoy, or possess under or by virtue of said policy.

"Dated July 29, 1915.                                        Walter B. Hart."

Of the property owned and transferred by the Annuity Association to appellant there was lot 82 and the east six feet of lot 84 on Utah street, Hiawatha, Kan. The trial court decided that this lot, as well as all other property transferred, was held in trust by appellant to pay any indebtedness of the Annuity Association due, or to become due, generally or by virtue of the three certificates which we have mentioned. The court therefore enjoined appellant from in any manner disposing of said lot until some adequate and suitable provision should be made for satisfying the demands of appellee, either matured or to mature on said certificates, and that, if no such provision should be made, said real estate be subjected to the payment thereof. This decree was entered March 8, 1917. No provision having been made to secure the payment of the indebtedness claimed to be due upon the certificates, the court on June 9, 1917, in default of payment of the $200 claimed to be due on each certificate, appointed a receiver to take possession of said real estate, and to collect the rents, revenues, and profits arising from the same, for the purpose of carrying out the terms of the decree theretofore entered. It was also provided in the order appointing the receiver that, if apellant should furnish and file in the court a bond in the penal sum of $6,000 within 60 days from the date of the order, conditioned to fully protect appellee's rights under and by virtue of his certificates of insurance, the receiver should be discharged upon the approval of the bond by the court. It appeared at the time the order for a receiver was made that appellant was in the hands of a receiver appointed in the state of Illinois, and was unable at that time to pay the sum of $600 adjudged to be due upon the certificates.

It was claimed in the complaint in this action that prior to the

commencement of the action appellant had refused to admit its liability on any of the certificates of insurance involved herein, and it is now claimed that the contract of reinsurance and consolidation contains no agreement by appellant to pay the indebtedness which might become due on the certificates held by appellee. Whatever may be the truth about this contention, the appellant now in its brief filed in this court admits its full liability according to the terms of the certificate issued directly to appellee; but appellant contends that appellee had no cause of action against it at the time he commenced his action. It is true there was nothing due on the certificates when suit was commenced, but the suit was commenced for the purpose of securing the payment of any sum that might accrue to appellee in the future. It will appear from an examination of the form of certificate above quoted that the certificates would reach their maximum value of $2,000 March 2, 1916, and the beneficiaries would be entitled to receive from the beneficiary fund of the association $100 per year subsequent to March 2, 1916, if the insured remained alive not to exceed 20 years, and in the event the insured should die the annual amounts paid would be deducted from the face value of the certificate; hence, at the present time appellee would be entitled to the sum of $600, $200 on each certificate.

[1] Appellant, however, claims there is no liability on the certificates originally issued to Ada Lee Hart and Walter B. Hart for two reasons: First, that in 1910 and 1911, Ada Lee Hart and Walter B. Hart had ceased to be members of the Life & Annuity Association. In regard to this contention we are of the opinion that appellant cannot be heard to raise objections to the validity of the certificates issued to Ada Lee Hart and Walter B. Hart, which existed prior to or at the time of the adjudication made by the district court of Brown county, Kan., for the reason that this proceeding has for its object the sequestration of a certain portion of the estate transferred by the Annuity Association to appellant for the purpose of securing the performance of the obligations of the certificates held by appellee, and therefore appellant is a privy in estate to the Annuity Association, and bound by the adjudication pursuant to which the Annuity Association was compelled to issue the certificates. The liability of the Annuity Association under the certificates was a charge upon the property to which appellant succeeded. All the authorities agree that a judgment is binding on one who is privy in estate to the party to the action.

[2] It is also stipulated in the agreed statement of facts, as we have before remarked, that appellee, Ada Lee Hart, and Walter B. Hart were, by virtue of their certificates issued in 1913, paid-up social members of the Annuity Association. Appellant further contends that, conceding that Ada Lee Hart and Walter B. Hart were members of the Association at the date of the assignments of their certificates to appellee, the assignments are void, and confer no title or right on the assignee. It appears that the only consideration for the assignments of Ada Lee Hart and Walter B. Hart were the dues which had been paid by appellee to the Annuity Association or its successor for

said Ada Lee Hart and Walter B. Hart. Appellee testified that, except for two or three years, he had paid all the dues on the Walter B. Hart certificate, and had also paid the dues on the Ada Lee Hart certificate. The dues on all three certificates were paid by appellee down to the time that they reached their maximum value. It is contended, however, by appellant that by virtue of the language of the assignments Ada Lee Hart and Walter B. Hart ceased to be members of either the Annuity Association or appellant, and therefore the certificates issued to them became void. We do not think that the assignments avoided their membership, if the assignments were otherwise valid and the dues were paid.

Generally speaking we find no authority which makes any distinction between the assignment of policies in fraternal beneficiary societies and other life insurance companies, and the validity of the assignments in the present case would seem to depend upon the fact as to whether appellee had an insurable interest in the life of Ada Lee Hart and Walter B. Hart, for the evidence. in the record shows that for all practical purposes the insurance of Walter B. Hart and Ada Lee Hart was obtained and paid for by the appellee. He could insure the life of Ada Lee Hart or Walter B. Hart for his own benefit, if he had an insurable interest in their lives. So far as Ada Lee Hart is concerned, it is now the unquestioned law in the federal courts that a husband has an insurable interest in the life of his wife. In Warnock v. Davis, 104 U. S. loc. cit. 779, 26 L. Ed. 924, it was said:

"It is not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation; for a parent has an insurable interest in the life of his child, and a child in the life of his parent, a husband in the life of his wife, and a wife in the life of her husband. The natural affection in cases of this kind is considered as more powerful—as operating more efficaciously—to protect the life of the insured than any other consideration."

In Ætna Life Insurance Co. v. France, 94 U. S. 561, 24 L. Ed. 287, it was decided that a sister had an insurable interest in the life of her brother. Under these decisions, appellee had such an insurable interest in the life of his wife and brother as would entitle him to procure insurance on their lives; and, this being so, the assignments to him of the certificates were valid.

The assignment of the certificate of Ada Lee Hart was to one who was already the beneficiary therein, and the beneficiary in the Walter B. Hart certificate was practically Walter B. Hart himself. Our attention has not been called to any provision of the charter or by-laws of either association that would avoid these assignments. A certain proceeding is provided for changing the beneficiary in any certificate of insurance, but noncompliance with that provision would not prohibit the insured from making an assignment of his interest in the policy.

It is also contended by appellant that the court below had no jurisdiction, for the reason that $3,000 was not involved in the controversy. The face value of the certificates was $6,000, and that was the sum that appellee was seeking to protect. We therefore think there is no merit in the contention in regard to jurisdiction.

Considering the insolvency of the appellant, which we assume from

the fact that it is in the hands of a receiver and the other evidence in the record, it is our conclusion that the appellee was entitled to the relief granted by the court below, and its decree is affirmed.