**HAWKINS v. FERGUSON.**

No. 11287—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Judgment—Res Judicata—Scope of Inquiry.**

The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings.

**2. Dower—Action to Recover Interest—Res Judicata—Judgment on Pleadings.**

Record examined, and held, that, under the circumstances set out in the opinion, the trial court erred in rendering judgment on the pleadings in favor of the defendant.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by Lowesa Hawkins against Walter Ferguson to recover dower interest in land. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

C. Dale Wolfe and J. Read Moore, for plaintiff in error.

G. C. Crump and J. L. Skinner, for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, for the purpose of recovering a dower interest in a certain tract of land situated in Hughes county. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The third paragraph of plaintiff's petition reads as follows:

"The plaintiff further states that she has acquired her title to the said interest in the lands above described, in the following manner, to wit: That Henehar Kochokney was a duly enrolled citizen of the Creek Tribe of Indians opposite Roll No. 8051 of the Approved Rolls of the Creek Nation or Tribe of Indians; that by virtue of said citizenship and enrollment the above described lands, were, on May 24, 1901, duly allotted to him, the said Henehar Kochokney, as his distributive share of the lands of the Creek Nation, and that thereafter patents duly issued to him for said lands. A copy of said patents are hereto attached, marked 'Exhibit A,' and 'Exhibit B,' and made a part of the petition. That thereafter and on or about March 1, 1903, the said Henehar Kochokney died intestate seized and possessed of said lands, leaving as his lawful widow, this plaintiff, and that by virtue of being such surviving widow of said decedent she became vested with a dower interest in and to said lands, under the laws of descent and distribution then in force."

By way of answer the defendant set up an estoppel by judgment rendered in the district court of Hughes county in an identical action entitled Lowesa Hawkins, Plaintiff v. Walter Ferguson et al., wherein judgment was rendered in favor of the defendants upon a motion for judgment on the pleadings. In his answer in the case at bar defendant set up not only the judgment upon the pleadings formerly rendered in his favor, but he also attached to his answer a copy of his former answer with the exhibits attached thereto, which discloses that the alleged estoppel in both cases was predicated upon an order of distribution rendered in an administration proceeding before the probate court, involving the same land, wherein it was found that the husband of the plaintiff died leaving surviving him "the following next of kin and heirs at law and none others, to wit: Marche Yekcha, a son," and wherein it was ordered that the land herein involved shall be distributed as follows, to wit: "1. To Marche Yekcha, all."

We are unable to perceive how this finding and order of the probate court precludes the plaintiff from setting up a right of dower in the real estate of her deceased husband. Even if it is conceded that the probate court had jurisdiction to determine heirship in cases of this class and correctly found that Marche Yekcha was the sole heir of Henehar Kochokney, this would not preclude the plaintiff from making application to a court of competent jurisdiction for an assignment of dower.

In cases like this it is usually necessary to determine heirship by a court of competent jurisdiction before dower can be assigned, for as a general rule no one is legally competent to assign dower unless he has an estate of freehold, such as an heir,

devisee, or grantee of the husband. 14 Cyc. 974.

It is true that in many states concurrent jurisdiction in matters pertaining to the assignment of dower is conferred by statute on probate courts so that such assignments may be summarily made in connection with and as an incident of the administration of the deceased husband's estate. 14 Cyc. 975. But, assuming without deciding that this was the rule in this jurisdiction at the time of the death of Henehar Kochokney (see Goodman and Wife v. Moore, 22 Ark. 191; Crabtree's Adm. v. Crabtree, 5 Ark. 638; Hilliard v. Hilliard, 50 Ark. 34), still, as no application for assignment of dower was ever made to the probate court, it follows as a matter of course that no assignment of dower was made, and that neither the probate court nor the district court in the former case was really called upon to pass on the question whether the plaintiff was entitled to dower or not. Indeed it does not appear from the pleadings that she was even a party to the administration proceedings.

In their brief counsel for defendant say:

"The trial court, of course, in this case did not render judgment upon the decree of distribution rendered in 1912 by the county court of Hughes county, because this judgment entered into the case only incidentally, but the trial court decided the present case upon the ground that the identical question had once before been litigated in the same court, involving the same issues and the same parties, and the present judgment was based upon the judgment rendered in district court case No. 1532 above set out."

This statement would probably be correct if the defendant had pleaded the judgment in the former case and stopped. Instead of doing this, he, as we have seen, set up the pleadings in both cases, together with the proceedings in the probate court. In these circumstances his motion for judgment on the pleadings searched the entire record. The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict or findings. C. W. Cressler v. Fred Brown et al., No. 9741, decided Sept. 7, 1920, 79 Okla. 170. When this rule is applied to the case at bar it becomes obvious at once that judgment upon the pleadings in both cases was rendered by the trial court upon the unwarranted assumption that the order of the probate court estopped the plaintiff from claiming her assignment of dower. Inasmuch as the probate court, as we have seen, did not in the circumstances disclosed have jurisdiction to pass upon the question of dower if it had attempted to do so, it is quite clear that the judgment on the pleadings in the former case was without foundation because it was upon an order which did not sustain it. All of this appearing from the pleadings in the present case, it was error for the trial court to render judgment thereon in favor of the defendant.

There is some contention on the part of the plaintiff that, on account of certain admissions in argument by counsel for the defendant, this court should enter a decree allotting the plaintiff a child's part under section 2599, chap. 53, Mansfield's Digest of the Statutes of Arkansas, which provides as follows:

"The widow of any deceased person, who shall file in the office of the clerk of the court of probate, or with the probate court of the proper county, a relinquishment of her right of dower in and out of the estate of her deceased husband shall be entitled to receive of the estate of which her said husband died seized and possessed, whether real, personal or mixed, a portion or share thereof, absolutely in her own right, equal to that of a child, which shall be set aside and delivered to her as now provided by law for dower."

Inasmuch as this action was commenced on the theory that the plaintiff was entitled to dower, and it does not appear from the pleadings upon which judgment was rendered that she filed the relinquishment of her right of dower prescribed by the statute, we decline to act upon this suggestion.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

RAINEY, C. J., HARRISON, V. C. J., and PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.