## MILLER et al. v. MADIGAN et al.

No. 11572—Opinion Filed May 22, 1923.

(Syllabus.)

1. **Judgment — Presumptions in Favor of Jurisdiction.**

Where particular facts must be proven in order to confer jurisdiction upon a court to enter a judgment, the presumption arises when the validity of the judgment is attacked that such facts were proven.

2. **Same — Collateral Attack — Scope of Inquiry.**

In a collateral attack upon the judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised.

3. **Judgment—Res Adjudicata—How Determined.**

In determining what issues have become res adjudicata the inquiry is not limited to the formal judgment, it extends to the judgment roll, including the pleadings, the verdict, or the findings, and the full scope and meaning of the judgment is often determined by the pleadings, verdict, or findings.

**4.   Same — Motion to Vacate Judgment for Fraud—Refusal—Procedure.**

Where the plaintiffs commenced an action in the district court on the 9th day of December, 1913, against the defendants, full-blood Indians, to quiet title in the plaintiffs to an allotment of land inherited by the defendants from deceased allottee, and an issue was joined by the pleadings as to whether the deed under which the plaintiffs asserted title had been approved by the proper county court having jurisdiction of the settlement of the estate of the deceased allottee, and the district court, upon the issues joined, on the 27th day of May, 1915, rendered judgment quieting title of the plaintiffs, and no appeal was taken from said judgment and it became final, but the defendants on the 6th day of August, 1919, more than four years subsequent to the rendition of the judgment, filed a motion in the action to vacate the judgment upon the grounds that the judgment was fraudulently obtained, held, the defendants having appeared and contested the action, the court had jurisdiction of the subject-matter and the parties, and that the judgment was not subject to be collaterally attacked; that the judgment was not properly attacked for fraud, and that the court committed no error in denying said motion.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Patrick Madigan, Sr., and others against Jim Miller and others, to quiet title. Judgment for plaintiffs. Defendants filed motion more than four years after the rendition of said judgment to vacate. Plaintiffs filed a motion to strike the motion to vacate, which was sustained and defendants bring error. Affirmed.

Joseph C. Stone, Charles A. Moon, Francis Stewart, and Joseph I. Pitchford, for plaintiffs in error.

John L. Newhouse and Wellington L. Merwine, for defendants in error.

Benjamin C. Conner and Harry A. Tallman, amici curiae.

KENNAMER, J.   Patrick Madigan, Sr., Patrick Madigan, Jr., Jerry Madigan, Kate Madigan, and Elizabeth Madigan, a minor, by her guardian and next friend, J. F. Madigan, plaintiffs, instituted this action in the district court of Okmulgee county on the 9th day of December, 1913, against Jim Miller, Thomas Miller, Louis Miller, John Miller, and E. Goodman, defendants, to quiet title in the plaintiffs to the land allotted to Taylor Miller a full-blood Creek Indian, said allotment being located in Okmulgee county, Okla.

On the 17th day of June, 1914, the defendants filed an amended answer to the petition filed by the plaintiffs, denying all of the allegations of the plaintiffs' petition and pleading affirmatively that the land in controversy was allotted to Taylor Miller, a full-blood Indian, and that all of the defendants, except E. Goodman, were full-blood Indians, enrolled as such, and that Jim Miller was the father of said allottee, Louis Miller and John Miller were brothers of the allottee, and that said defendants were the heirs at law of the deceased allottee, who had died in the latter part of the year 1902. Defendant alleged that a certain deed executed by them on September 17, 1908, to William Thompson and James K. Kepley, covering the land in controversy, was fraudulently obtained from them; that the approval of said deed by the county court of Okmulgee county on October 10, 1908, was made without notice to said defendants and that the court had no jurisdiction to enter said order of approval.

The plaintiffs filed a reply to the amended answer of the defendants in which the plaintiffs admitted the relationship of the defendants to the deceased allottee, the execution and delivery of the deed to Thompson and Kepley; denied all of the allegations of fraud pleaded by the defendants, and alleged that the county court of Okmulgee county was the court having jurisdiction to approve the deed executed by the defendants to Thompson and Kepley. It appears that the plaintiffs in the action asserted title to the land through conveyances from Thompson and Kepley.

On the 27th day of May, 1915, upon the issues joined by the pleadings, the plaintiffs appeared by their attorneys, Merwine and Newhouse; the defendants appeared by their attorneys, W. A. Brigham, Alex Johnson, and Martin & Moss, in open court and announced ready for trial. The attorneys for the plaintiffs made a statement of the facts upon which they relied, and the attorneys for the defendants made their statement. After the statements of the attorneys for both plaintiffs and the defendants, and the argument of counsel, the court sustained the motion of the plaintiffs and the defendant Goodman for judgment on the pleadings and statement of counsel and entered judgment quieting title in the plaintiffs as against the claims of the defendants, and decreed a foreclosure of the mortgage of the defendant E. Goodman. It is admitted that no appeal was taken from this judgment.

On the 6th day of August, 1919, the defendants Jim Miller, Thomas Miller, and Louis Miller filed in the case a motion to vacate the judgment. On the 3rd day of January, 1920, defendants filed an amended motion to vacate such judgment. In substance, the grounds of the motion to vacate are: That the district court of Okmulgee county was without jurisdiction of the subject-matter involved in the action; that the court had no jurisdiction to render the particular kind of judgment rendered in the case; and that the judgment was fraudulent and collusive.

The motion to vacate the judgment was heard by the court on the 20th day of January, 1920, and the court sustained the motion of the plaintiffs to strike from the files the motion filed by the defendants to vacate. The appeal is prosecuted by the defendants Miller to review the action of the trial court in sustaining the motion to strike. The parties will be referred to as they appeared in the trial court.

The particular error complained of by the defendants in that the court erred in holding that the judgment entered on the 27th day of May, 1915, quieting title in the plaintiffs, was a valid and binding judgment and had become res adjudicata. This is the decisive question presented to this court for determination. Counsel for the defendants assert that it is well settled by the cases of Bartlett v. Oklahoma Oil Co., 236 Fed. 488, and Barnett v. Kunkel, 250 Fed. 394, that a deed executed by full-blood Indian heirs of a deceased Indian allottee is void if not approved by the court having jurisdiction of the settlement of the estate of the allottee, which is the county court in the county where the allottee died a resident, and the restricted heirs may maintain an action to cancel a void deed or judgment by a court which did not have jurisdiction to enter such judgment. We agree with counsel as to the rule for which they contend being well established; but we are unable to concur in their contention that it has any application in the instant case. If the judgment roll in the instant case showed on its face that the court attempted to enter a judgment quieting title in the plaintiffs, based upon a void deed executed in violation of the federal statute, act of May 27, 1908, this court would have no difficulty in concluding that such a judgment is absolutely void under the following authorities: Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729; Goodrum v. Buffalo, 162 Fed. 817; Bowling v. U. S., 233 U. S. 528, 56 L.

Ed. 1080; Brink v. Canfield, 78 Okla. 189, 187 Pac. 223.

These authorities establish the rule that any deed, instrument, or contract, by which an interest in restricted Indian lands is attempted to be conveyed, not executed in accordance with the law authorizing such conveyances, is in violation of the law, therefore contrary to public policy and absolutely void and ineffectual as a basis of title by estoppel or otherwise; and that in an action by the grantee in such conveyances to quiet title, where it is disclosed from an examination of the judgment roll that the court entered a decree quieting title thereby adjudging such conveyance to be valid, such a judgment is void for the reason the court was without jurisdiction to enter such a decree. In this situation it is plain that the court by its decree has attempted to pass the title to restricted Indian lands in violation of the law, and, this being disclosed by the judgment roll, such a judgment is void and may be vacated upon motion of any interested party, and is subject to be collaterally attacked. Quite a different situation exists in the instant case. The record discloses that the court had to determine, under the issues made by the pleadings, whether the plaintiffs had title to the lands under conveyances executed in conformity to the federal act imposing restrictions upon the lands in controversy; and, the court having entered a decree in favor of the plaintiffs with that issue raised by the pleadings, the presumptions are in favor of the validity of the judgment, and that the court found every material fact necessary to support the judgment. 15 R. C. L., sec. 356.

Where particular facts must be proven in order to confer jurisdiction upon a court to enter a judgment, the presumption arises, when the validity of the judgment is attacked, that such facts were proven. 15 R. C. L., supra. In re Ivy's Estate, 80 Okla. 278, 196 Pac. 134; Thompson v. Tolmie et al., 27 U. S. 155, 7 L. Ed. 381; Pillsbury et al. v. Dugan's Ad., 9 Ohio. 117, 34 Am. Dec. 427.

In a collateral attack upon the judgment of a court of general jurisdiction the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised. While the court may have unadvisedly or erroneously entered the judgment for the plaintiffs quieting title in them on the motion of the plaintiffs for judgment on the pleadings and the statement of counsel, such an error is not jurisdictional.

In determining what issues were concluded and have become res adjudicata, the inquiry

is not limited to the formal judgment. It extends to the judgment roll, including the pleadings, the verdict, or the findings, and the full scope and meaning of the judgment is often determined by the pleadings, verdict, or findings. Hawkins v. Ferguson, 79 Okla. 273, 193 Pac. 35; Oklahoma Moline Plow Co. v. Smith, 81 Okla. 61, 196 Pac. 962; Oklahoma v. Texas, 256 U. S. 570, 41 Sup. Ct. 420.

From an examination of the motion filed to vacate the judgment in the instant case, the same having been filed more than four years from the date of the rendition of the judgment, it was evidently presented under the authority of section 817, Comp. Stats. 1921, authorizing the court to vacate a void judgment at any time on motion of an interested party or any person affected thereby. On the presentation of such a motion, the inquiry of the court is limited to an inspection of the judgment roll to ascertain the invalidity of the judgment, and unless it appears from an inspection of the same, the court will deny the motion. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

A proceeding to vacate or modify a judgment or order of the district court upon the grounds of fraud, for erroneous proceedings against an infant, or person of an unsound mind, etc., as designated under paragraphs 4, 5, 6, 7. 8, and 9 of section 810, Comp. Stat. 1921, must be instituted by petition, as provided for in section 812, and the issuance of summons thereof. So, it is clear from an examination of the record in the instant case, the defendants having proceeded by filing a motion in the original case for the vacation of the judgment as being void for the want of jurisdiction in the court to render it, the contention of counsel being that there was fraud and collusion practiced, the same cannot be considered, as the questions are not presented in the manner provided in the statute. If there was collusion and fraud practiced by the attorneys representing the respective parties in the action, the defendants may obtain relief in a proper action invoking the equitable jurisdiction of a court of competent jurisdiction. In Ross v. Breene, 88 Okla. 37, 211 Pac. 417, this court held:

"Equity will grant relief against a judgment or judicial proceeding obtained by fraud, when the fraud complained of is extrinsic or collateral to the matter adjudicated, and where such fraud resulted in the entering of a false decree or judgment."

It is our conclusion in the instant case, the judgment of the court sought to be vacated not being void upon an inspection of the judgment roll, the court committed no error in denying the motion of the defendants to vacate. For the reasons given, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, HARRISON, and MASON, JJ. concur.