Note.—See under (1) 34 Cyc. p. 1551; anno. 69 L. R. A. 283; 23 R. C .L. p. 903; 26 R. C. L. p. 636. (3) 34 Cyc. p. 1555.

---

# HARRIS et al. v. SPURRIER LBR. CO.

No. 17171. Opinion Filed March 20, 1928.

(Syllabus.)

1. **Judgment—Validity of Judgment Enforcing Materialman's Lien—Not Void on Face Because Original Summons Against Subcontractors Absent from Judgment Roll—Motion to Vacate Held Without Merit.**

In action by materialman to enforce his lien, the subcontractors are necessary parties defendant, but if proper summons is issued for such subcontractor and the owners of the real estate affected file an answer by general denial and plea of payment, and where the decree states that the owners appeared in person and by attorney at trial, waived a jury, announced ready and proceeded to trial without objection, and a judgment is rendered fixing amount due, declaring the lien and a continuance of the cause as to subcontractor, held, that the absence from the judgment roll of the original summons against subcontractors does not render the judgment void on its face; and held, further, that a motion to vacate same made after the term by the owners of the real estate affected and without supporting evidence and based solely on the ground that the judgment is void on the face of the judgment, is without merit.

2. **Mechanics' Liens—Parties Defendant—Enforcement Where Contractor Cannot Be Served with Summons.**

Syllabus in New Lumber Co. v. Ryal, 56 Okla. 746, 156 Pac. 637, is adopted as second paragraph of this syllabus.

3. **Judgment—Collateral Attack—Presumptions Favoring Validity—Process.**

Paragraph 3 of syllabus in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, is adopted as paragraph 3 of this syllabus.

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; C. H. Baskin, Assigned Judge.

Motion by F. O. Harris and Zoe Harris, to vacate judgment in favor of the Spurrier Lumber Company as being void on face of judgment roll. Motion denied by trial court, and appeal by movants. Affirmed.

Hughes, Foster & Ellinghausen, for plaintiffs in error

George H. Jennings, for defendant in error.

BENNETT, C. An appeal from the district court of Creek county from an order of the court overruling motion to vacate a judgment in favor of Spurrier Lumber Company against F. O. Harris and Zoe Harris. The latter parties will be herein designated as plaintiffs and the lumber company as defendant. The appeal is in form by case-made, but in effect by transcript, as no evidence or proceedings are included in the record. The only error claimed is the refusal of the court to vacate a judgment which plaintiffs say was void upon the face of the judgment roll.

The original judgment was taken in a case pending in district court of Creek county in July, 1924, wherein the lumber company was plaintiff and F. O. and Zoe Harris, the Georgia State Savings & Loan Association, J. L. Miller, C. A. Ruggles, C. E. Dickinson, and B. D. Vice, were defendants. The action by the lumber company was to foreclose a materialman's lien against the real property of F. O. Harris and Zoe Harris. The individual defendants were alleged to be contractors who had some part in the erection of the building against which the lien was sought, and the loan association was alleged to have some interest in the premises, junior, however, to the claims of plaintiffs.

Upon filing the petition in the cause last named, the plaintiff caused summons to be issued against F. O. and Zoe Harris, J. L. Miller, C. A. Ruggles, C. E. Dickinson, and B. D. Vice, and also separate summons

against the loan association, but the appellants herein claim (and the record sustains them) that the summons directed against J. L. Miller, C. A. Ruggles, C. E. Dickinson, and B. D. Vice, does not appear among the papers of the judgment roll. The other defendants are shown by the record to have been served.

F. O. Harris and Zoe Harris filed a demurrer to plaintiff's petition, but it was not passed upon, and later filed a motion to require plaintiff to furnish defendants a statement of account, and asked for additional time to answer. Within the time allowed they filed an answer containing a general denial, but admit that they were the owners of the lots in controversy, and later still filed an amendment to their answer setting out "that the account sued upon in this action has been paid in full by the defendants herein and that they are not now indebted to plaintiffs in any sum whatsoever."

On June 22, 1925, said cause was tried; plaintiff appearing by its attorneys, defendants F. O. and Zoe Harris appearing in person, and by their attorneys, and the Georgia State Savings & Loan Association appearing by its attorneys. A jury was waived and all parties announced ready for trial. After the case was closed the same was continued to a later date for argument, when a judgment was entered in which it was found that F. O. and Zoe Harris entered into a contract with J. L. Miller, by which the latter was to furnish labor and materials for the erection of a house on lot 2, block 67, original town of Bristow, and that thereafter said Miller contracted with Ruggles, Dickinson, and Vice to furnish material which went into the structure, and it is decreed that there is due from Miller, Dickinson, Ruggles and Vice to the lumber company $517.10 for material, and a lien therefor is declared against the real estate, and the same is ordered foreclosed subject only to a prior lien given the loan association, and the cause was continued as to defendants Miller, Ruggles, Dickinson and Vice, as shown by the judgment.

No motion for new trial was filed, and after the expiration of the term of court, and on the 8th of June, 1925, F. O. and Zoe Harris filed their motion to vacate the judgment aforesaid upon the following grounds:

"(a)   That * * * no service, or pretended service of summons, was had upon the said defendants (J. L. Miller, C. E. Dickinson, C. A. Ruggles and B. D. Vice), * * * and that said defendants did not appear at said trial either in person or by attorney, and that the said judgment shows upon its face that said cause was continued as to said defendants, * * *

"(b)   That said judgment and pretended judgment is wholly void upon its face, for the reason that said judgment shows upon its face that the said court had no jurisdiction of the person of the said defendants J. L. Miller, C. D. Dickinson, C. A. Ruggles, and B. D. Vice, or either of them, and that the said judgment in the said sum of $517.10 is therefore wholly void and of no effect, and there is nothing on which to base a lien against and upon the premises of these defendants. * * *

"Second. * * * That the said defendants J. L. Miller, C. E. Dickinson, C. A. Ruggles, and B. D. Vice, were, according to the allegations of the plaintiff's petition, contractors, and that these moving defendants were the owners of the lands hereinbefore described, and that the cause of action as set forth in plaintiff's petition is for material above furnished for the erection of a building on the above described premises to said contractors, and that said contractors were, therefore, indispensable parties to said cause, and said cause could not proceed to trial without said contractors having been duly summoned to appear in this court to answer to said cause of action, and that, as more fully appears from the face of the plaintiff's petition, the said plaintiff has no cause of action whatever against these defendants independent of the cause of action alleged and proved against the said defendants J. L. Miller, C. E. Dickinson, C. A. Ruggles and B. D. Vice; * * * and that the pretended judgment * * * is wholly void."

A motion to vacate a judgment is in all respects to be treated as a petition, and if it fails to set up any proper ground for relief to the movant, as a matter of course it should be denied. A careful reading of the grounds of this motion will disclose that it is based upon, first, an allegation that no service of summons was had upon J. L. Miller, C. E. Dickinson, C. A. Ruggles, and B. D. Vice. Was it absolutely necessary that summons should be served upon these parties defendant?

Section 7479, C. O. S. 1921, provides, among other things:

"In such actions all persons whose liens are filed * * * shall be made parties, * * * Where such action is brought by a subcontractor, * * * such original contractor shall be made a party defendant, and shall at his own expense defend against the claim of every subcontractor, or other person claiming a lien under this chapter, and if he fails to make such defense, the owner may make the same at the expense of such contractor; * * * provided, that if the sheriff of the county in which such action is pending shall make return that he is unable to find original

contractor, the court may proceed to adjudicate the liens upon the land and render judgment to enforce the same with costs."

It is entirely clear that a service of summons on these defendants was not indispensable. The full requirement of the statute was met when the summons was issued, and the same was either served on the defendants **or by a return by the sheriff that he was unable to find the original contractors,** in which latter event the court could proceed to judgment as effectively as to the fixing and foreclosing of the lien as if personal service had been had, or a personal appearance had been made by such defendants.

So far as this record shows, the point now asserted by the movant, in his brief, to wit, **that the judgment was void because no return was made by the sheriff that he was unable to find these parties defendant,** was never presented to the lower court, and that question was not passed upon by the lower court as disclosed by this record.

At page 17 of the plaintiff's brief, he uses this language:

"So, that from the foregoing statement, it will appear that the only question raised is whether or not the court had jurisdiction in the absence of the contractors, or in the absence of any service upon them, **and in the absence of the return of the sheriff showing that they could not be found in the county,** to render a judgment finding that the contractors were indebted to the plaintiff in a certain sum and adjudging that sum to be a lien upon the property of the defendants Harris and Harris."

The words emphasized above occur for the first time in the brief. Neither such words nor their substance may be found in the plaintiff's motion to vacate this judgment. The only question raised by the plaintiffs herein in the trial court upon their motion to vacate judgment was that a judgment against the contractors was an indispensable prerequisite to the establishment of a lien upon the property of plaintiffs in error. On page 23 of the plaintiffs' brief will be found the following words:

"Without the proviso there can be no question as to the lack of power in the court to proceed without the contractor, or without some kind of service upon him, either constructive or actual. It is our contention that the proviso, if not invalid as denying the owners due process of law, simply provides for a condition existing where the contractor cannot be found. It creates no new rights and does not give any additional remedy to the subcontractor. * * *"

Certain authorities are quoted to sustain

the position that "a judgment against a contractor is an indispensable prerequisite to a lien upon the property." The incorrectness of this position has been too often recognized to require argument. New Home Lumber Co. v. Ryal, 56 Okla. 746, 156 Pac. 637. In fact, to recognize this doctrine would make it easily possible for contractors, after incurring debts, to perpetrate the gravest injustice by removal from the jurisdiction. Our statutes have wisely prevented such a procedure by the provisions of the statute hereinbefore set out. It is true that the amount of the obligation must be fixed in order to determine the amount of the lien to be adjudicated, but under the plain words of our statutes it cannot be properly contended that the securing of a judgment against the contractor is an indispensable prerequisite to a lien upon the property. Dolese Bros. v. Adrecopulas, 113 Okla. 18, 237 Pac. 844. Plaintiffs contend that there was a personal judgment against the contractors. In such case, even what purports to be a personal judgment, where there is no personal service, will not be held to be a personal judgment.

"A decree ordering that plaintiff do have and recover of defendant a certain sum with costs is not a personal judgment for the sum named, but merely an assessment of the sum due as required by statute." Crocker v. Currier, 65 Wis. 662, 27 N. W. 825.

"Though in form a personal judgment, it is not such a judgment." Cole v. Custer County Agricultural Association, 3 S. D. 272, 52 N. W. 1086.

In view of the fact that the question was not raised in trial court, the plaintiffs cannot contend on this appeal that the judgment is void as shown upon the face of the judgment roll, for the reason that no return was made by the sheriff showing that the contractors could not be found. This is a court of review, and only the questions which were presented to the lower court should be presented here.

"Parties will not be permitted to argue in the Supreme Court, for the first time, questions not raised in the trial court by the pleadings." Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275; State National Bank v. Lokey, 112 Okla. 82, 240 Pac. 101; Starr v. Vaughn, 113 Okla. 247, 241 Pac. 152; Guaranty State Bank of Durant v. D'Yarmett, 67 Okla. 164, 169 Pac. 639; Stem v. Adams, 30 Okla. 101, 118 Pac. 382.

"Where a party tries his case upon one theory in the trial court, he will not be permitted to change in the Supreme Court and prevail upon another theory and issue not presented to the trial court." Harrison v. Cummings, 107 Okla. 98, 238 Pac. 702; Kennedy v. Beets Oil Co., 105 Okla. 1, 231 Pac.

508; Polson v. Revard, 104 Okla. 279, 232 Pac. 435.

"It is well settled by a long line of decisions in this court, beginning with Hamilon v. Brown, 31 Okla. 213, 120 Pac. 950, that a party who has tried his case upon one theory in the trial court and lost, cannot, on appeal to the Supreme Court, seek to have his case reversed upon another and different theory, not presented to the trial court." Armstrong v. Green, 113 Okla. 254, 241 Pac. 789.

It will be further observed that plaintiffs say in the language of their brief:

"The plaintiffs in error must prevail in this case, if at all, wholly upon the ground that the judgment * * * is void upon the face of the judgment roll."

There is a second obstacle to the recovery of movant, and that is that the record does not affirmatively show that there was no service. The record proper is composed of the pleadings, process, rulings, judgment, and orders of the court. Most that can be said is that the summons which was issued was not returned and filed in the cause, or, if returned and filed in the cause, has become lost or misplaced. While the records import verity, they are subject to loss or misplacement, of course. They are simply kept by ordinary individuals, presumed to be careful, but always liable to err, and in such a situation the most that can be said is that the record is silent as to service. Nevertheless, the court of general jurisdiction acted in the matter and rendered judgment and declared the lien, and the same is now being attacked by the defendants, who presumably appeared and took part in the trial, waived a jury, and permitted the judgment to be entered and prosecuted no appeal therefrom. What, then, is the law with respect to such a record and in such an attack, entirely aside from any question of waiver?

R. C. L. vol. 15, paragraph 358, uses these words:

"It is the well-established general rule that when a domestic judgment of a court of superior and general jurisdiction acting within the ordinary scope of that jurisdiction is assailed collaterally, every presumption is made in favor, not only of the proceedings, but of the court's jurisdiction, both as regards the subject-matter and of the parties, unless the contrary affirmatively appears on the face of the record itself."

Under this a note cites cases in support from scores of jurisdictions. In the same volume, in paragraph 366, the following is said:

"The presumption in favor of the jurisdic-tion of courts of general powers involves a presumption that such courts in matters before them duly acquired jurisdiction of the persons of the parties to the proceedings, provided it does not appear from the judgment roll that they were without the jurisdiction of the court. Stated negatively, the rule is that the courts will not presume that an officer in service of process failed to discharge his duty. * * * Subject to these limitations, if the record is silent in regard to service of process, the court may presume that due service was made, * * *." Citing Evans v. Young, 10 Colo. 316, 15 Pac. 424; Knapp v. Wallace, 50 Ore. 348, 92 Pac. 1054; Meisenheimer v. Meisenheimer, 55 Wash. 32, 104 Pac. 159.

In par. 373, Id., it is said:

"Whenever the record of such a court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done, but that it was rightly done." See note, 94 Am. Dec. 765.

In the case of E. R. Thomas Motor Co. v. Robb, 86 Okla. 266, 208 Pac. 783, it was held:

"The motion to vacate a judgment, as provided in section 5274, R. L. 1910 (C. O. S. 1921, 817), for the reason that the same is void, is a collateral attack upon said judgment, and cannot be sustained unless an examination of the judgment roll disclosed the judgment to be invalid."

To the same effect: Chaplin v. State Bank of Hitchcock, 72 Okla. 293, 181 Pac. 497. In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, paragraph 3 of the syllabus is as follows:

"In support of a judgment collaterally attacked, every intendment will be indulged to uphold and support it; if the judgment thus assailed contains no recital of service of process and the record is barren of evidence of the issuance and service of process, then the service of process will be presumed; and this presumption of service stands until overcome by evidence to the contrary."

The eleventh paragraph of the syllabus is as follows:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in the legal sense for want of jurisdiction unless its invalidity appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, followed."

See, also, Miller v. Madigan, 90 Okla. 17, 215 Pac. 742, wherein paragraphs 1 and 2 of the syllabus are as follows:

"Where particular facts must be proven in order to confer jurisdiction upon a court

to enter a judgment, the presumption arises when the validity of the judgment is attacked that such facts were proven.

"In a collateral attack upon the judgment of a court of general jurisdiction, the inquiry is confined as to the jurisdiction of the court, and not whether the jurisdiction was properly exercised."

This case refers with approval to 15 R. C. L., sec. 356, and to In re Ivy's Estate, 80 Okla. 278, 196 Pac. 134; Thompson v. Tomlie, 27 U. S. 155.

In the case of Lynch v. Collins, 106 Okla. 133, 233 Pac. 709, the court said:

"The judgment of a court of general jurisdiction is entitled to the presumption that all legal acts have been done to give validity to the judgment, unless the contrary affirmatively appears from the record. Therefore, in an action where the record is silent as to service, it is presumed that due and valid service was had upon the defendant; consequently, the judgment is valid upon its face. The judgment will be merely voidable if in fact service was not had upon the defendant, or if the return of the officer showing service is in fact false. The failure of the plaintiff to cause service to be had upon the defendant, or the lack of service upon the defendant, as is required by law, denies the defendant his day in court. We think the latter error more properly comes under the classification 'want of due process of law,' rather than the term 'jurisdiction.' The judgment under such circumstances is merely voidable, but this is a case where the defendant may attack the judgment, collaterally, for the reason that the attack is based upon the charge of a failure to give the defendant his day in court."

Freeman on Judgments (5th Ed.) vol. 1, par. 189, says:

"The judgment does not depend upon the performance of the clerical duty of making up the judgment roll, or preserving the papers. * * * In New York, the rule that omissions in the roll do not invalidate the judgment has been applied where the omission consisted of the original summons. * * *" Citing Hoffnung v. Grove. 18 Abb. Pr. (N. Y.) 14, 142.

Freeman on Judgments, par. 322, says:

"In every case the field of collateral inquiry is narrowed down to the single issue concerning the void character of the judgment, and the assailant is called upon to satisfy the court that such is the fact. To compass his purpose of overthrowing the judgment, it is not enough that he show a mistaken or erroneous decision or a record disclosing nonjurisdictional irregularities in the proceedings leading up to the judgment. He must go beyond this and show to the court, generally from the face of the rec-

ord itself, that the judgment complained of is utterly void." Citing, among many others, Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981; Yawitz v. Hopkins, 70 Okla. 158, 174 Pac. 257; Lewis v. Gillard, 70 Okla. 231, 173 Pac. 1136.

At page 719, par. 350, it is said:

"In general, therefore, where the right of the court to assume jurisdiction of a cause and proceed to judgment depends upon the ascertainment of facts in pais, and the court retains jurisdiction, it thereby impliedly adjudges that the requisite jurisdictional facts exist, and having found such facts in favor of jurisdiction, its decision in this respect, whether erroneous or not, cannot be questioned in a collateral proceeding, for a presumption arises in such cases, when the validity of the judgment is attacked, that the necessary jurisdictional facts were proven." Citing, among others, Miller v. Madigan, 90 Okla. 17, 215 Pac. 742; Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815.

At page 818, it is said:

"Is a mere silent record to be construed as negativing jurisdiction? Are the courts forced to conclude from a failure to fully set out the facts as to process, appearance or other matters of jurisdiction, that the proper steps to invest the court with power to adjudicate were not taken? Such a conclusion would be inescapable if the law required the record to detail the jurisdictional facts."

At page 821:

"Every fact will be presumed to have existed that was necessary to jurisdiction, over the subject-matter or the parties. If actual service is relied on to sustain the judgment, it will be presumed that regular process issued, and was duly served, or that the defendants appeared or otherwise submitted to jurisdiction."

These statements are supported by numerous citations of this authority.

It is true that in the journal entry no personal judgment was rendered against the contractors. Many reasons might be conceived for the continuing of the case as to these defendants not necessary here to discuss, but it seems to become immaterial so far as plaintiffs are concerned, for the amount of the indebtedness was fixed by the court upon which the lien was predicated against their property. It is true, also, that we are referred to the minutes of the clerk, but we do not seem to find anything in such minutes that would be of help to the plaintiffs. assuming that it is a proper part of the record. which we do not decide. But see Bigpond v. Davis, 121 Okla. 44, 247 Pac. 676, the first paragraph of the syllabus being as follows:

"The minutes of the clerk constitute no part of the record lodged in this court on appeal." Vacuum Oil Co. v. Blanchard Motor Co., 114 Okla. 130, 233 Pac. 777; Jackson v. Fennimore, 104 Okla. 134, 230 Pac. 689.

"The record proper in a civil action, under the procedure in this state, consists of the petition, answer, reply, demurrers, process, rulings, orders and judgment." Modern Book & News Co. v. Sterman, 86 Okla. 257, 207 Pac. 961.

For the reasons given, to wit, first, that the plaintiffs' motion to vacate did not negative a return of the sheriff showing that the contractors could not be found, which, in so far as plaintiffs were concerned, would have given the court as complete jurisdiction to grant the relief actually granted as if service of summons had been personally made against the contractors, and that said question was not presented to the lower court and ought not now be presented here; and, second, that the judgment does not affirmatively show either (a) that the contractors were not summoned, or (b) that they could not be found, it is adjudged that the plaintiffs were not entitled to vacate the judgment, and the holding of the court in denying the motion to vacate was not error, for which reasons the judgment is in all things affirmed.

REID, DIFFENDAFFER, JEFFREY, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 689, §580; 34 C. J. p. 255, §486.