**SECREST v. WILLIAMS.**

No. 28482.    Sept. 26, 1939.

C. H. Baskin and W. C. Hall, for plaintiff in error.

Orr & Woodford, for defendant in error.

CORN, J. This is an action by the plaintiff in possession to quiet tax title to land against the former record owners and against Jas. F. Secrest, former record owner of certain mineral rights. Judgment was for the plaintiff, and the defendant Jas. F. Secrest alone appealed from said judgment. For convenience we continue to refer to the parties as plaintiff and defendant, as they appeared in the trial court.

The defendant, Jas. F. Secrest, first contends that there was no such notice as required by law of the application for the tax deeds.

It is pointed out by the plaintiff, and an examination of the record reveals, that the various objections to the tax deeds under the above proposition were not presented to the trial court, but are raised for the first time on appeal.

It is well settled that parties will not be permitted to argue in the Supreme Court for the first time questions not raised in the trial court by the pleadings; or where a party tries his case upon one theory in the trial court he will not be permitted to change in the Supreme Court and prevail upon another theory and issue not presented to the trial court. Harris v. Spurrier Lumber Co., 130 Okla. 99, 265 P. 637, and cases cited therein.

It is also contended by the defendant that where there has been a severance by deed of the mineral rights, such minerals rights are subject only to the gross production tax as provided by section 12434, O. S. 1931, which is assessed and levied only upon the production of such minerals, separately and apart from the land, and that a tax deed based upon delinquent ad valorem taxes assessed and levied subsequent to the severance of such mineral rights conveys no title to such mineral rights.

The defendant in support of this contention cites a number of cases holding in substance that a conveyance of mineral rights creates a separate estate in the land, but the cases cited have no particular bearing upon the question herein involved, as none of them deal with the subject of taxation of mineral rights in nonproducing lands.

The question here presented was settled in the case of In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997, in which case it was held as set out in paragraph 7 of the syllabus, as follows:

"Oil and gas, while lying in the strata of earth from which they are produced, must be taxed as real property to the owner of the land, if the land is taxable, under which for the time being they may lie."

Also see State v. Shamblin, 185 Okla. 126, 90 P.2d 1053, and State v. Kirchner, 185 Okla. 129, 90 P.2d 1055.

It necessarily follows that the sale of land for taxes passes title to the land, including the mineral rights therein, whether severed or not, to the purchaser, and therefore extinguishes the rights of the owner or owners of the land and of the mineral rights of any interest or estate therein.

The judgment of the trial court quieting the title to the land and the mineral rights therein in the plaintiff is affirmed.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur.