BUTTERICK CO., Inc., v. MOLEN et al.

No. 30874. May 25, 1943.

Rehearing Denied June 15, 1943.

*138 P. 2d 89.*

A. J. Welch, of Clinton, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, and Jones & Wesner, of Cordell, for defendants in error.

PER CURIAM. This action was instituted on February 7, 1940, by the Butterick Company, Inc., hereinafter referred to as plaintiff, against James I. Molen, Tom Sowell, and S. L. Molen, hereinafter referred to as defendants, to recover a balance alleged to be due upon account for goods, wares, and merchandise which had been sold and delivered pursuant to a written contract which had been entered into on August 6, 1935, between plaintiff and Molen Bros. by Tom Sowell. The action as framed was one for money judgment based upon the contract. The defendants denied that the contract was their contract and alleged that it was the contract of a corporation of which Tom Sowell was secretary, treasurer, and manager and the other defendants were president and vice president, respectively. The cause was tried to the court without the intervention of a jury. The evidence adduced at the trial disclosed that the correct name of Molen Bros. was Molen Brothers Dry Goods Company, a corporation, and that defendants were the stockholders, officers, and directors of said corporation; that at the time the contract here involved was entered into Tom Sowell was the manager of the store located in Clinton, Okla.; that the goods, wares, and merchandise were purchased pursuant to said contract for sale in said store, and that payments therefor were made under the provisions of said contract to the plaintiff by checks of the corporation until 1938, when the stock of merchandise in the store, and which inventoried approximately $13,000, was turned over to an attorney in St. Louis, Mo., for the purpose of liquidating said stock and paying creditors whose claims aggregated approximately $6,500; that the liquidating agent had tendered plaintiff approximately 2 per cent of the amount of its claim, and that it had refused to accept the same, and thereupon instituted this action seeking to hold the defendants liable upon the contract as their individual obligation.

The evidence further showed that the only store in Clinton which was doing business under the name of Molen Bros. was that of the corporation, and that the defendants were never engaged in business individually, but were at all times so engaged as officers and directors of the corporation whose correct name was Molen Brothers Dry Goods Company, a corporation. Upon the evidence, substantially as above narrated, the trial court found that the contract involved was that of the corporation and not that of the defendants individually, and rendered judgment in accordance with such finding. The plaintiff appeals.

As grounds for reversal of the judgment plaintiff urges the following propositions:

"1. The trial court erred in overruling plaintiff's demurrer to the original answer, motion for judgment, demurrer to amended answer and renewal of motion for judgment, objection to any evidence in support of the amended answer, for the reason that said answer raised no issue and stated no defense.

"2. The court erred, after discharging the jury on the grounds that only a question of law was involved, in thereafter proceeding to trial at a nonjury term, upon the issue presented in the fourth paragraph of the amended answer, said defense being only an attempt to contradict the terms of a written contract and thereby shift the liability from defendants to said insolvent dead corporation.

"3. Even if the contract were a corporation contract, still, under the testimony of defendant, James I. Molen, president of said corporation, the defendants would be liable: (1) Under the statutory trust fund doctrine (secs. 9763, 9788, 9789); (2) Under the common law trust fund doctrine for mismanagement, diversion and waste of assets, and (3) as partners, they having changed the name of the corporation in violation of sec. 9732, O. S. 1931.

"4. Defendants having invoked the equity powers of the court by the allegations of said 4th paragraph of the amended answer, permitting them to substitute said corporation in their place, and the court having received their evidence in support of that defense, the defendants, by their own affirmative action, created and accepted the relation of trustee for the benefit of creditors, and they were required to properly execute that trust, and would not be permitted to dispose of the total assets without receiving a dime for the same, to the detriment of plaintiff as a creditor, and the trial court committed error in refusing to so decree, regardless of the form of the action or the pleadings involved."

Under the first of the above propositions plaintiff argues that the verified amended answer of the defendants by admitting that the contract had been executed in the name of Molen Bros. by Tom Sowell, thereby admitted the individual liability of the defendants and precluded them from introducing any evidence which would tend to establish a contrary situation. In support of the contention so made plaintiff directs our attention to 49 C. J. 269 § 335; Caldwell v. Baxter, 158 Okla. 76, 12 P. 2d 509; Puritan Mfg. Co. v. Toti & Gradi, 14 N. M. 425, 94 P. 1022 (which enunciate the rule that a verified general denial does not place in issue the execution of an instrument, and which are without application here for the reason stated in Bradshaw v. Sexton, 172 Okla. 204, 44 P. 2d 80, and Henryetta Spelter Co. v. Guernsey, 82 Okla. 71, 198 P. 495). Plaintiff also directs our attention to a number of texts and decisions which are authority for the general rule that parol evidence to vary or contradict the terms of a written instrument is not permissible where the instrument is complete upon its face. Plaintiff also cites Weagant v. Camden, 37 Okla. 508, 132 P. 487; Finley v. Exchange Trust Co., 183 Okla. 167, 80 P. 2d 296, and a host of other cases which are authority for the rule that where an instrument does not indicate anything to the contrary, it is to be considered the obligation of the persons whose names appear thereon, and parol evidence to establish a different result is not permissible. The rule so announced is sound and applies to the situations in which they were used,

but we deem the same wholly without application to the facts involved in the case at bar. The contract here under consideration discloses on its face that it was not intended to be an individual obligation but rather the obligation of a firm designated as Molen Bros. The plaintiff in its pleadings recognized the fact that the instrument as written was not complete and alleged in its petition that the signature so appended to the contract was intended to make it the contract of James I. Molen, S. L. Molen, and Tom Sowell as individuals engaged in business together. This placed in issue something more than the execution of the contract and raised the question as to by whom the contract was executed. The defendants by their answer admitted that the contract had been executed in the form and manner which it appeared as an exhibit to the petition of plaintiff, but denied that it had been executed as the contract of the defendants individually as alleged by the plaintiff; and by their answer further alleged that the Molen Bros. which appeared on the contract was an abbreviation of the name of the corporation of which defendants were stockholders, officers, and directors, and that the contract was at all times the contract of the corporation and had been so understood and accepted by the plaintiff, and that the goods involved had been furnished under said contract pursuant to such understanding and had been actually received and paid for by the corporation during the continuance of the contract and until termination of business by the corporation. Under the allegations in its petition plaintiff was entitled to introduce parol evidence to establish its contention that the signature of Molen Bros. had been intended to bind the defendants individually, and by like token defendants were entitled to introduce parol evidence to controvert such allegations. See Wiers v. Treese, 27 Okla. 774, 117 P. 182; Kline v. Bank of Trescott, 50 Kan. 91, 31 P. 688, 18 L. R. A. 533, 34 Am. St. Rep. 107. As stated in 14A C.J. 595:

"Whether the execution of a simple contract is such as to bind the corporation is determined in accordance with the law governing the execution of contracts by agents generally. The question whether a contract is the obligation of the corporation or the personal obligation of the officer or agent executing it will not be determined from the signature alone, but the courts will take into consideration the entire instrument. Where the agent of the corporation is known to be acting and contracting merely as such, his acts and contracts, if he possess authority, will be deemed the acts and contracts of the principal only and will involve no personal liability on his part, and in such case the corporation will be liable, even though he executed the contract in his individual name, unless it appears from other circumstances that he has expressly or impliedly incurred or intended to incur personal liability. The mere fact that the person signing the contract describes himself as an officer or agent of the corporation will not prevent the contract from being his individual contract."

See, also 19 C. J. S., Corporations, § 1138. See Houston Land & Loan Co. v. Danley (Tex. Civ. App.) 131 S. W. 1143.

Under the next proposition the defendant urges that the action was properly one at law and in which trial by jury was a matter of right, and suggests that it was possibly error for the court to proceed to try the case without the intervention of a jury, but concedes that under the circumstances this probably resulted in no prejudice to the plaintiff. We fully agree with the plaintiff in this respect. The action was one at law and in which the parties were entitled to a jury as a matter of right. However, when the cause was called for trial plaintiff disclaimed any desire to have a trial by jury, and in so doing, in effect, waived the jury. Federal Surety Co. v. Adams Lumber Co., 170 Okla. 445, 40 P. 2d 1057.

The remaining contentions made by the plaintiff present new and different theories from those which were involved and presented in the trial court. However applicable the authorities cited under the doctrine and rules of equity mentioned and the statutory provisions

relative to liability of officers and directors of corporations and the rights and remedies of persons where sale has been made in violation of the Bulk Sales Law may be, they are wholly foreign matters presented by this appeal. It is well settled that parties will not be permitted to argue in this court for the first time questions not raised in the trial court by the pleadings in that court, or where a party tries his case upon one theory in the trial court, he will not be permitted to change and prevail here upon another theory and upon issues not presented to the trial court. See Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252; Steiner v. Hughes, 172 Okla. 268, 44 P. 2d 857; Harris v. Spurrier Lumber Co., 130 Okla. 99, 265 P. 637, and cases cited therein.

Under the record which has been brought here, no reversible error is presented.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.