FENIMORE v. STATE ex rel. COM'RS OF THE LAND OFFICE.

No. 33178.   April 20, 1948.

Rehearing Denied June 15, 1948.

*194 P. 2d 852.*

A. C. Sewell, of McAlester, for plaintiff in error.

Lonnie L. Corn and T. J. Lee, both of Oklahoma City, for defendant in error.

HURST, C.J.   On June 12, 1930, the State of Oklahoma on the relation of the Commissioners of the Land Office commenced this suit to recover a personal judgment against G. O. Fenimore on notes and for foreclosure of a real estate mortgage securing the notes. On September 29, 1937, a default judgment was rendered against Fenimore, the minute of the court clerk reciting: "Judgment for plaintiff as per journal

entry, notes and mortgage ordered cancelled." The appearance docket recites: "9-29-37 To Ent. judgment for plaintiff, notes and mtgs. cancelled." No other record of the judgment was made until September 30, 1941, when a journal entry of judgment signed by the district judge was filed and recorded on the journal reciting the entry of a default personal judgment and decree foreclosing the mortgage against Fenimore, as of September 29, 1937. On November 18, 1941, a special execution was issued thereon, and on December 31, 1941, the sale of the mortgaged premises was confirmed for a sum less than the amount of the judgment. No proceedings were taken to determine the amount of the deficiency on the judgment under 12 O.S. 1941 §686. On June 3, 1946, the plaintiff filed a praecipe for execution to recover the deficiency, but it does not appear that an execution was issued thereon until October 7, 1946. This execution was directed to sheriff of McCurtain county and returned unsatisfied with the recital that Fenimore lives at McAlester. It recited the wrong date of the judgment, but was directed against Fenimore. On March 19, 1947, on a praecipe filed, an execution against Fenimore was issued directed to the sheriff of Pittsburg county. On March 28, 1947, Fenimore filed in said cause a motion to suppress said execution and to enjoin the court clerk from issuing any other execution on said judgment. The motion asked relief because of failure to comply with 12 O.S. 1941 §686. This appeal from the order overruling said motion is by case-made in narrative form, containing a copy only of such portions of the record as the parties agree present the errors complained of.

Appellant makes three contentions:

It is argued (1) that no personal money judgment was rendered on which the execution could have been legally issued, and (2) that, if such a judgment was rendered, it was dormant at the time the execution of March 19, 1947, was issued. These questions were not raised in the trial court by the motion to suppress, or otherwise, and will not be considered here. Butterick Co. v. Molen, 192 Okla. 602, 138 P. 2d 89; West Okla. Digest, Appeal and Error, §171.

The question for decision is whether the plaintiff, the state, was required to have deficiency determined and a judgment entered therefor as provided in 12 O.S. 1941 §686. This section requires the judgment creditor in a mortgage foreclosure case to take steps within 90 days after the sale of the mortgaged premises to determine the difference between the mortgage debt and the fair and reasonable market value of the mortgaged property, and the entry of a deficiency judgment for such difference. The section contains this proviso:

"Provided that nothing in this section shall limit or reduce any deficiency judgment in favor of or in behalf of the state for any debts, obligations or taxes due the state, now or hereafter."

1. The appellant first contends that the section applies to the state in requiring a determination of the deficiency and the entry of a judgment for the amount of the deficiency, but that when that is done the amount of that deficiency judgment in favor of the state may not, by reason of the proviso, be reduced. He says that, until the judgment is entered pursuant to said section, there is no deficiency judgment, citing Bartlett Mtg. Co. v. Morrison, 183 Okla. 214, 81 P. 2d 318. But, as pointed out in said case, the deficiency remaining due after the proceeds from sale of the mortgaged premises are applied on the judgment is customarily referred to as a **deficiency judgment**, and we think it was in this sense that the Legislature used the term **deficiency judgment** in the proviso. The Legislature, by the proviso, intended to exempt the state from the requirements of the section. In view of this conclusion, we need not discuss the contention of the state that if it intended otherwise, the section would be unconstitutional as applied to the state

402

by reason of the provisions of section 53, art. 5, of the State Constitution.

2. Appellant contends that, if the section was intended not to apply to the state, it is unconstitutional as being a special law and violative of sections 32, 46 and 59, art. 5, of the State Constitution. He cites no authority holding that an act which applies only to the state or which excludes only the state from its operation is a "special law" as that term is used in the cited constitutional provisions, and we have found none. Special laws are those which apply to less than the whole of a class of persons, entities or things standing upon the same footing or in substantially the same situation or circumstances, and hence do not have a uniform operation. 50 Am. Jur. 21; 59 C.J. 735. It is apparent that an act which applies only to the state or which excludes only the state from its operation cannot be a special law as used in said constitutional provisions, since the State of Oklahoma is alone in its class.

Affirmed.

DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.