OKLAHOMA USERS OF PUBLIC UTILITIES SERVICES, Inc., A Corporation; and Emzy B. Saul, E. O. Leming, Cecil W. Rote, C. L. Bitting, Chas. A. Futor, O. D. Oliver and Wm. O. Hughes, As Individuals, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY OF OKLAHOMA, A Corporation, Appellee.

No. 36776.

Supreme Court of Oklahoma.

Nov. 8, 1955.

George L. LaCoste, and Frank Wilton Jones, Oklahoma City, for plaintiffs in error.

Hodge & McCloud, by Kenneth L. Hodge, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

The present appeal challenges the validity of Order No. 29443, entered November 15, 1954, by the Corporation Commission of this State in its Cause No. 20851, approving an increase in the Southwestern Bell Telephone Company's "tariffs", or charges, for installing and moving telephones, certain adjustments in intrastate toll rates, and an increase from 5 cents to 10 cents in said company's coin box telephone rates.

Almost two months previous to the entry of said order, or on September 16th, the Telephone Company, hereinafter referred to merely as the "Company", had filed with said body, hereinafter referred to as the "Commission", certain printed forms, which we shall refer to as "tariff sheets", showing the increases sought, and that the company desired them to become effective October 1st, 1954. The Commission's written approval of said filing was the same day attached to each of these sheets.

Thereafter, on September 22nd, before such tariff increases had ever become effective, the Commission entered its order declaring them "temporarily suspended" and directing the Company to thereafter appear before the Commission on October 7, 1954, and "show cause, if any" why said tariffs should not be permanently suspended. It was further ordered that "any interested party" might also appear and be heard at the scheduled hearing. We are told in the Company's brief, and it is not disputed by the other parties hereto, that a copy of this order was mailed September 27, 1954, to counsel for plaintiffs in error, hereinafter referred to, collectively, as "Protestants." The record shows that at the hearing thereafter held October 7th, the latter appeared by their counsel as "Intervenors" and actively participated in the hearing, making certain objections and cross examining witnesses for the Company. It further appears that at said hearing, said counsel requested that the Company furnish further "Exhibits", and that the hearing be continued to give him an opportunity to "go through them." For all that appears, both of these requests were granted; and, after the last hearing, the Commission on November 15, 1954, entered the "Report" and order, herein appealed from; approving effective that date, the tariffs theretofore filed as aforesaid.

For reversal, Protestants urge that the order (No. 29443) is void because it was not made pursuant to a proper hearing after proper notice. They say that such an order is a "general" order, which, under certain provisions of Art. IX, sec. 18 of the Oklahoma Constitution, must be published four consecutive weeks before it goes into effect. They contend that the hearing which began, as aforesaid, on October 7th, was not such a hearing as contemplated by the cited constitutional provisions, both because the assertedly necessary publication notice was not given, and because that hearing was held merely for the purpose of giving the Company an opportunity to show why the tariffs, which Protestants characterize as having theretofore been "approved", should not be permanently suspended, rather than being a hearing on objections to their being put into effect. They conclude from this rather unique line of reasoning that the Commission has never yet held the kind of hearing contemplated in the cited constitutional provisions. We think this argument points more toward a "play on words" than it pertains to the real merits, or heart, of the present controversy. And, it is inconsistent with the position Protestants took before the Commission. There, both their counsel's actions and statements and those of opposing counsel and the Commission clearly demonstrate that all considered the question of whether or not the proposed tariffs should go into effect as being within the scope of said hearing, if not in fact, its only real issue. Not only did the Company introduce evidence in support of its position on the merits of this question, but as hereinbe-

fore indicated, Protestants actively opposed that position and objected to the proposed tariffs without ever mentioning the matters now raised, for the first time, in their briefs. When the true character of said hearing is perceived and it is recognized that when the order of "suspension" was entered on September 22nd, the proposed tariffs had never become effective, there is nothing to distinguish this case, on principle, from City of Bartlesville v. Corporation Commission, 82 Okl. 160, 199 P. 396, followed in Consumers' Gas Co. v. Corporation Commission, 95 Okl. 57, 219 P. 126, cited by the Company. There, after assuming, without unequivocally deciding, that the order involved was a general order, for whose effectiveness Art. IX, sec. 18, supra, requires the four-week's publication notice, this Court held that the appellant's participation in the hearing, out of which the order issued, constituted a waiver of the "defect of notice", if any. Protestants make no effort to distinguish the facts in this case from those that were decisive of the matter in the cited case, and we see no such distinction. If Order No. 29443 be considered a general order for which the constitutional provision, supra, requires publication notice, it may be doubted that such order is valid without that notice, or that such defect can be waived for the public by litigants such as the Protestants herein. However, on the basis of the Bartlesville Case and under the rule that a litigant cannot try a case in this Court on a theory foreign, or altogether different, from that on which it was tried in the trial tribunal, Butterick Co. v. Molen, 192 Okl. 602, 138 P.2d 89; Secrest v. Williams, 185 Okl. 449, 94 P.2d 252, we do not think the proposition relied on by Protestants for reversal is now before us. Nor do we think Order No. 29443 should herein be disturbed on that ground.

It is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and HUNT, JJ., concur.