The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: House Bill 1039 (1978) prohibits price fixing or the setting of minimum fees by all professions and occupations except the Dry Cleaning Industry. Is this single exemption constitutional ? House Bill 1039, Laws 1978, c. 237, 2, codified as 59 O.S. 1701 [59-1701] (1978), provides as follows: "No profession or occupation, other than the cleaning, dyeing and/or pressing business, regulated or licensed under the provisions of the Oklahoma Statutes shall set, impose, suggest or in any other manner provide for the charging of minimum prices or fees for any services or products provided for by any such profession or occupation." The single exclusion of the dry cleaners industry from 59 O.S. 1701 [59-1701] raises the issue as to whether such exclusion constitutes a "special law" which is prohibited by the Oklahoma Constitution. Article V, Section 59 of the Oklahoma Constitution provides: "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." In construing the above section of the Constitution, the Oklahoma Supreme Court has determined that it is beyond the power of the Legislature to pass any special law where a general law can be enacted to cover the subject. Board of Commissioners of Grady County v. Hammly, 85 Okl. 53,204 P. 445 (1922). In determining whether an enactment is a special law as distinguished from a general law, the Oklahoma Supreme Court in Oklahoma County Utility Services Authority v. Corporation Commission, 519 P.2d 919 (Okl. 1974), stated: "In deciding this question we must look to see if there was a proper and legitimate classification and that such classification was not arbitrary or capricious. . . . "As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination." The Court, in Barrett v. Board of Commissioners of Tulsa County, 185 Okl. 111, 90 P.2d 442
(1939), held: "When a law which is not universal in its operation is adopted it must, in order to avoid the stigma of special legislation, satisfy the test adopted by this court in School District No. 85, Kay County v. School District No. 71 Kay County, 135 Okl. 270, 276 P. 186, where we said in paragraph four of the syllabus: `Local or special laws are all those that rest on a false or deficient classification. Their vice is that they do not embrace all the class that they should naturally embrace. They create preference and establish inequality. They apply to persons, things, and places possessed of certain qualities or situations and exclude from their effect other persons, things, or places which are not dissimilar in this respect.'" (Emphasis added) Simply stated, special laws, prohibited by Article V, Section 59 supra, are those laws which apply to less than a whole class of persons, entities or things standing upon the same footing or in substantially the same situation or circumstances and hence do not have uniform operation. Fenimore v. State ex rel. Commissioners of Land Office, 200 Okl. 400,194 P.2d 852 (1948). There is no question that the dry cleaning industry is distinctive in its business from all other professions and occupations. Similarly, each profession and occupation regulated or licensed under the provisions of the Oklahoma Statutes is distinctive in its business from other professions and occupations. Moreover, the legislation does not disclose any distinctive characteristics of the cleaning, dyeing or pressing business of any greater impact on public health and safety so as to warrant a different treatment from all other businesses and occupations regulated or licensed in the State of Oklahoma by the Act. In the absence of such distinctive characteristics, there is nothing which furnishes a practical and real basis for discrimination. Thus, to classify the dry cleaning industry into one category and all other professions and occupations into another category, is, in effect, applying the Act to persons, things or places possessed of certain qualities or situations and excluding from its effect other persons, things or places which are not dissimilar in this respect. With a finding that the classification and exclusion of the dry cleaning industry from House Bill 1039 is without a practical and real basis for discrimination, the question remains as to whether the entire provision is constitutionally invalid as constituting special legislation prohibited by Article V, Section 59 of the Oklahoma Constitution or whether the offending language can be stricken, leaving the remaining prohibitory language intact. In Parwal Inv. Co. v. State,71 Okl. 171, 175 P. 514 (1918), the Oklahoma Supreme Court stated at page 515: "If the obnoxious portion of the section is of such import that the other portions, without it, would cause results not contemplated or intended by the Legislature, then the entire section must be held inoperative. (Citation omitted) "The cardinal rule of statutory construction is to arrive at the intent of the Legislature. If the constitutional and unconstitutional portions are so dependent upon each other as to warrant the belief that the Legislature intended them to take effect in their entirety, it follows that, if the whole cannot be carried into effect, it will be presumed that the Legislature would not have passed the residue independently, and accordingly, the entire section is invalid." See also, Musick v. State, 185 Okl. 140, 90 P.2d 631
(1939); Dowell v. Board of Education of Oklahoma City,185 Okl. 342, 91 P.2d 771 (1939). As judged by the standard in Parwal, supra, the general statutory scheme of section 2 of House Bill 1039 clearly survives the deletion of the constitutionally invalid exception. The invalid exception is not of such import that the general prohibition alone would constitute a result unintended by the Legislature. Nor can it be said that the general prohibitory scheme is so dependent upon the invalid exception as to warrant a belief that the Legislature would not have enacted the prohibition alone. It is, therefore, the official opinion of the Attorney General that: 1. The exclusion of the cleaning, dyeing and/or pressing business from House Bill 1039 (1978), codified as 59 O.S. 1701 [59-1701] (1978), which prohibits the setting of minimum prices or fees by all other professions and occupations constitutes special legislation prohibited by Article V, Section 59 of the Oklahoma Constitution. 2. The elimination of the cleaning, dyeing and/or pressing business exclusion is not of such import that the remaining portion, without it, would cause results not contemplated or intended by the Legislature. Thus, the remainder of section 2 of House Bill 1039 without the dry cleaning industry exclusion is valid. (Patricia R. Demps)