Dear Representatives, Manar
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Does 1989 Okla. Sess. Laws, c.377, 13, p. 1629, appropriatingfunds to the Oklahoma Department of Agriculture for operationalgrants to rural fire departments, violate Article V, Section 46of the Oklahoma Constitution or any other constitutionalprovision as it provides for a grant reduction to municipalitiesbased upon sales tax revenues?
¶ 1 Article V, Section 46 of the Oklahoma Constitution proscribes special legislation in a laundry list of areas. Your question is whether grants for rural fire departments pursuant to 1989 Okla. Sess. Laws, c. 377, 13 (hereinafter referred to as "section 13") fall within the list of prohibited special legislation. A clear reading of the subjects listed in that constitutional provision supports the conclusion that the legislation in question is not prohibited by Article V, Section 46.
¶ 2 Your question also asks whether this legislation violates any other constitutional provision. Article V, Section 59 of the Oklahoma Constitution provides:
 Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.
¶ 3 In Reynolds v. Porter, 760 P.2d 816, 822 (Okla. 1988), the Oklahoma Supreme Court developed a three-pronged inquiry regarding the constitutionality of a statute under Article V, Section 59:
1) Is the statute a special or general law?
 2) If the statute is a special law, is a general law applicable? and,
 3) If a general law is not applicable, is the statute a permissible special law?
¶ 4 Initially the Attorney General notes that there is a strong presumption that legislative acts are constitutional; all reasonable doubt will be resolved in favor of an act's validity.Fair School Finance Council of Oklahoma v. State,746 P.2d 1135, 1150 (Okla. 1987); Reynolds v. Porter, 760 P.2d 816, 819
(Okla. 1988).
¶ 5 The legislation providing grants for rural fire departments is not a special law unless it can be said to apply to less than a whole class of persons, entities, or things which stand upon the same footing or in substantially the same situation or circumstances. Fenimore v. State ex rel. Com'rs of Land Office,194 P.2d 852 (Okla. 1948). A general law may have local application or apply only to a designated class rather than operate upon every person or locality in the state so long as it operates equally upon all subjects within the class for which it was adopted. Elias v. City of Tulsa, 408 P.2d 517 (Okla. 1965). See, A.G. Opin. No. 85-067.
¶ 6 The class for which section 13 was adopted is one comprised of rural fire departments organized under titles 18 and 19 of the Oklahoma statutes and municipalities with a population of three thousand (3,000) or less. Expenditure pursuant to such a grant is limited to workers' compensation insurance, vehicle insurance, protective clothing costs, or other operating costs.
¶ 7 Important to resolving whether section 13 is a general or special law is review of a proviso to that section which calls for a grant reduction for municipalities based on a percentage of municipal sales tax revenues. Does section 13 operate equally upon all subjects within the class by reducing the award amount to municipalities without similarly reducing the grant provided to other rural fire departments? Section 13 applies to all rural fire departments and all small municipalities in the state. Municipalities are impacted differently than rural fire departments because of the grant reduction provision to the section. However, this distinction does not render the law special.
¶ 8 As the Oklahoma Supreme Court recognized in Fair SchoolFinance Council of Oklahoma v. State, 746 P.2d 1135, 1150 (Okla. 1987), a law may be general although it does not operate universally if there is a rational basis for the classifications created by it. In the present situation there is a rational basis to support the distinction created between rural fire departments and municipalities. Municipalities may have an additional direct funding source from sales tax revenues for operation of their fire departments. Rural fire departments may not have access to such other financial resources unless the fire department is organized and operated by the board of directors of a fire protection district pursuant to 19 O.S. 901.1 (1981) et seq., or the county in which the fire department is located designates a county sales tax to promote safety. See, 68 O.S. 1370 (1989). Therefore, we conclude that section 13 is a general law.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that 1989 Okla. Sess. Laws, c.377, 13, p. 1629, providingappropriations for grants to rural fire departments andmunicipalities with a population of three thousand or less, isconstitutional as a general law and is, therefore, not violativeof Article V, Section 46 and Article V, Section 59 of theOklahoma Constitution.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
SUSAN STEWART DICKERSON ASSISTANT ATTORNEY GENERAL