**STATE of Oklahoma, ex rel. COMMISSIONERS OF THE LAND OFFICE, Appellant,**

v.

**E.M. THOMPSON, Appellee,**

**and**

Iva Thompson; James M. Thompson; Mary E. Thompson; First National Bank of Erick, Oklahoma, a corporation; Farmer's Royalty Pool, a corporation; Oil Royalties, Inc., a corporation; and the Board of County Commissioners of Roger Mills County, Oklahoma, Defendants.

**No. 80133.**

Court of Appeals of Oklahoma, Division No. 3.

June 22, 1993.

James T. Dupré, Oklahoma City, for appellant.

John E.T. Ivester, Patricia Ivester Mann, Sayre, for appellee.

## OPINION

HANSEN, Chief Judge:

This action was initiated by Appellant (Commissioners) in 1939. Commissioners sought judgment against Appellee (Thompson) on a promissory note, foreclosure of the mortgage securing the note, and an order directing sale of the secured real property if Thompson did not pay the judgment.

In October 1943, the trial court entered default judgment against Thompson for $6,905.13, plus interest, and ordered the mortgage foreclosed. The court ordered sale of the property if Thompson had not paid the judgment within six months.

After notice by publication, the property was sold by the sheriff for $5,155.00 in September 1944. The sale was without appraisement and was confirmed by the court on the day after sale. The buyer was the State of Oklahoma.

Commissioners issued Execution against Thompson for the "deficiency"[1] every five years from judgment. Each of the Executions until 1989 was returned with the notation that no property was located within the county on which to levy. In 1989, the sheriff noted Thompson "now lives in Beckham County Ok." and gave Thompson's address.

Apparently as a result of receiving this information in 1989, Commissioners were able to locate Thompson and property on which to execute. In May 1992, Commissioners filed a *Motion to Establish Current Sum of Deficiency Judgment.*

Thompson moved to deny Commissioners "application for deficiency judgment". He acknowledged the foreclosure judgment in 1943, and sale of the property in 1944, but argued Commissioners had failed to comply with the statutory requirement[2] to obtain

---

1. Judgment plus interest and costs minus proceeds from sale of the secured property. No separate deficiency judgment was ever issued by the trial court.

2. Thompson cites 12 O.S.1991 § 686.

an order of deficiency judgment within ninety days after sale.

Commissioners responded to Thompson's motion, denying the need for them to "act to establish a deficiency judgment". Commissioners argued the trial court's 1943 journal entry of judgment was sufficient to have established Thompson's deficiency.

After a hearing, the trial court denied Commissioner's motion, effectively barring Commissioner's from proceeding against Thompson personally. The journal entry of judgment reflects the court, in essence, based its holding on Commissioners' failure to obtain a timely deficiency judgment in accordance with 12 O.S.1991 § 686 [3] after the 1944 order confirming the sheriff's sale.

Commissioners bring this appeal from the order denying their motion. As their first allegation of trial court error, Commissioners contend the 1943 judgment was a finally adjudicated personal debt on the part of Thompson and was not barred by the mere lapse of time. In the 1943 judgment the trial court provided:

> If the amount derived from said sale is insufficient to satisfy the judgment, interest, attorney's fee, and costs, that execution issue against [Thompson] for the remainder unpaid.

Commissioners cite no legal authority in support of this conclusionary contention. Further, we find the more crucial question is the applicability of § 686, not the passage of time.

Before § 686 was amended in 1941 [4], it was proper to take a "deficiency judgment" for the difference between the amount of the judgment and the price for which the sale was confirmed. *Alliance Trust Co. v. Hill,* 196 Okla. 310, 164 P.2d 984 (1946). The Supreme Court has noted that while it was customary in that period to speak of a deficiency judgment:

> "strict attention to expression would require the use of words designating a *deficiency on a judgment.* In other words, simply a balance owing on a judgment after part has been paid by the application of the proceeds of the sale of the security. (emphasis added).

*Bartlett Mortgage Co. v. Morrison,* 183 Okla. 214, 81 P.2d 318 (1938).

However, after the 1941 amendment, it became appropriate for the trial court to ascertain the fair market value of the mortgaged property and to deduct that sum from the amount due on the judgment to ascertain the correct amount of the deficiency judgment. *Alliance Trust Co. v. Hill,* 164 P.2d at 986. Thus, if § 686 is applicable to Commissioners, the 1943 judgment was insufficient to establish a deficiency judgment because it requires no determination of market value.

Commissioners rely on *Fenimore v. State ex rel. Commissioners of Land Office,* 200 Okla. 400, 194 P.2d 852 (1948) in support of their argument that § 686 does not apply to the state. The facts in *Fenimore* were similar, with Commissioners there receiving judgment against mortgagor, foreclosure and confirmation of sale of

---

**3.** Section 686, which has remained unamended since 1941, provides, in relevant part:

> In actions to enforce a mortgage, ..., a personal judgment ... shall be rendered for the amount or amounts due ..., and for sale of the property charged and the application of the proceeds; or such application may be reserved for the future order of the court, ... ... no judgment shall be enforced for any residue of the debt remaining unsatisfied ... after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be

owing may make a motion in the action for leave to enter a deficiency judgment.... If no motion for a deficiency judgment shall be made ... the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt ...
> ... Provided that nothing in this section shall limit or reduce any deficiency judgment in favor of or in behalf of the state for any debts, ..., due the state, now or hereafter.

**4.** Commissioners argue the state is exempt from the procedural requirements of § 686 by its own terms, but have failed to raise any argument that the 1941 amendments are inapplicable under the facts of this case. We will consider the amendments applicable.

the secured property. The mortgagor moved to suppress execution because Commissioners had failed to have the deficiency determined within ninety days as required by § 686.

The *Fenimore* Court held the proviso in § 686 against limiting or reducing a deficiency judgment in favor of the state exempted the state from the requirements of the section. In explaining its holding, the Supreme Court used the pre-amendment, commonly accepted meaning of deficiency judgment. The trial court's judgment in *Fenimore* was in 1937, also pre-amendment, and complied with the law then in effect.

Thompson relies on *State ex rel. Commissioners of the Land Office v. Sparks*, 208 Okla. 150, 253 P.2d 1070 (1953). *Sparks*, also with similar underlying facts, was tried in 1948. The trial court there found mortgagors were indebted to Commissioners in a certain sum and ordered foreclosure, but reserved the question of personal liability on the part of the mortgagors.

After the *Sparks* property was sold, Commissioners moved for entry of a deficiency judgment against mortgagors, but the trial court denied the motion based on Commissioners' negligence in maintaining the property while they were in possession.

Commissioners in *Sparks* contended the 1949 judgment established the debt due and that under § 686 the debt could not be limited or reduced. The Supreme Court held the § 686 proviso only limited the court in reducing a deficiency judgment when and if a deficiency judgment had been entered in favor of the state.

The Supreme Court in *Sparks* went on to find the legislative purpose in the § 686 proviso was to prohibit compromise and settlement of debts, obligations or taxes due the state after the rendition of the judgment in its favor.

The Supreme Court in *Sparks* did not find, nor do we here, a legislative purpose to totally exempt the state from compliance with the statutorily mandated procedural requirements of § 686 in effect at the time of trial and associated proceedings. Of particular concern are the due process notice provisions in § 686 and the protections afforded mortgagors by the fair market value provisions.

We are also unpersuaded by Commissioners' contentions regarding constitutional proscriptions against legislation that would release or extinguish any obligation to the state [5]. This issue was also addressed in *Sparks*, 253 P.2d at 1073, and, as here, Commissioners asserted they were entitled to a special status because they were acting in a sovereign capacity.

The *Sparks* Court did find Commissioners were seeking to enforce a public, as distinguished from a private right, but held when the state voluntarily enters its courts to enforce collection of a debt due it, it becomes a litigant and stands in no more favorable position than its citizens. *Sparks*, at 1074.

■ The 1941 amendments to § 686 did not release or extinguish obligations to the state. They afforded the state particular protective status as long as the state obtained a deficiency judgment consistent with the section's clear dictates.

When Commissioners failed to obtain the post-sale judgment to determine the fair market value and deficiency, Thompson was entitled to defend against Commissioners' efforts to execute. What was once proper as a common law deficiency judgment was insufficient here to preserve the state's right to recover under § 686 procedures.

We find Commissioners were bound to seek determination of the amount owed personally by Thompson in accordance with the procedures set out in § 686, as amended. Because they failed to do so, the proceeds of the sale are deemed to have fully satisfied Thompson's debt and no right to recover any deficiency exists.

**5.** See Article V, § 53 of the Oklahoma Constitution.

The order of the trial court is AF-FIRMED.

BAILEY, P.J., and HUNTER, J., concur.